STATE of Missouri, Respondent,

v.

Lawrence SANCHEZ, Appellant.

No. 69741.

Supreme Court of Missouri,
En Banc.

June 14, 1988.

James F. Speck, Kansas City, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

RENDLEN, Judge.

Convicted by a jury of two counts of rape and two counts of sodomy involving his daughters, six and four years of age at the time of the offenses, defendant was sentenced to serve consecutive terms of imprisonment totalling 35 years. In this appeal, he asserts among other things that the admission of videotaped depositions of the alleged victims pursuant to § 491.680, RSMo 1986, denied him his right to confront the witnesses against him guaranteed by the United States and Missouri Constitutions. Finding that issue dispositive, we reverse and remand for a new trial.

The pertinent facts developed by the state's evidence, including the challenged videotapes, may be briefly summarized. During the period January 1 to July 8, 1985, defendant on several occasions sexually abused his two daughters while their mother was away from the home. Though the girls were assaulted individually, each witnessed acts performed on the other. Alerted that the children were possibly in danger, on July 7 their mother took them to a shelter for battered women explaining that they would "take a vacation" from defendant. Upon hearing this, the four-year-old expressed relief stating that she hated defendant because he hurt her "pee-pee"; but, while at the shelter her sister became frightened and told her not to say anything. On July 8 both girls, after some initial reluctance, related events to a social worker constituting the basis for the offenses charged. They were then examined by a physician and made statements to a police detective which were reduced to writing and signed by the mother.

Subsequent to defendant's indictment, the state moved to obtain in-camera video-

taped testimony of the victims as provided in § 491.680[1] and to exclude the defendant from the proceedings pursuant to § 491.685.[2] The motion contained an assertion that a psychologist who had been treating the victims "states that [they] are very traumatized due to the acts committed upon them and would be unable to testify in an open court in the personal presence of the defendant about these acts." Defendant, in response to the state's motion, asserted that his exclusion from the videotape proceeding would violate his right to confront the witnesses against him secured by the Constitution of the United States and the Missouri Constitution and that "no such testimony should be taken until the defendant is afforded an opportunity to take the deposition" of the psychologist referred to in the state's motion. Notwithstanding this contention, the court sustained the state's motion and prohibited defendant from attending the deposition.

The videotaped depositions were conducted in a courtroom on April 18, 1986, with the trial judge, prosecuting attorney, and defense counsel present, and the defendant was placed in a room nearby from which he was able to hear and view the proceedings through a television monitor. The six-year-old was deposed first. Defense counsel renewed his objection based on the Confrontation Clause, conducted cross-examination, took a previously agreed upon recess to consult with the defendant, then concluded his questioning of the victim. An identical process was followed during the four-year-old's testimony. At the conclusion of the proceedings, the judge noted for the record that he had made the required findings and had "[taken] into ac-

---

1. Section 491.680 provides:
   Court may order video recording of alleged child victim, when—procedure—transcript of testimony—cross-examination.—
   1. In any criminal prosecution under the provisions of chapter 565, 566 or 568, RSMo, involving an alleged child victim, upon the motion of the prosecuting attorney, the court may order that an in-camera videotaped recording of the testimony of the alleged child victim be made for use as substantive evidence at preliminary hearings and at trial.
   2. In determining whether or not to allow such motion, the court shall consider the elements of the offense charged and the emotional or psychological trauma to the child if required to testify in open court or to be brought into the personal presence of the defendant. Such recording shall be retained by the prosecuting attorney and shall be admissible in lieu of the child's personal appearance and testimony at preliminary hearings and at trial, conflicting provisions of section 544.270, RSMo, notwithstanding. A transcript of such testimony shall be made as soon as possible after the completion of such deposition and shall be provided to the defendant together with all other discoverable materials.
   3. The court shall preside over the depositions which shall be conducted in accordance with the rules of evidence applicable to criminal cases.
   4. The attorney for the defendant shall have at least two opportunities to cross-examine the deposed alleged child victim, once prior to the preliminary hearing and at least one additional time prior to the trial.
   5. Prior to the taking of the deposition which is to be used as substantive evidence at the trial pursuant to sections 491.675 to 491.693, the defendant's attorney shall be provided with such discoverable materials and information as the court may, on motion, direct; shall be afforded a reasonable time to examine such materials, and shall be permitted to cross-examine the child during the deposition.
   6. If the defendant is not represented by counsel and if, upon inquiry, it appears to the court that the defendant will be unable to obtain counsel within a reasonable period of time, the court shall appoint the public defender or other counsel to represent the defendant at the deposition.

2. Section 491.685 provides:
   Defendant may be excluded from child victim deposition proceedings, when.—
   1. On motion of the prosecuting attorney, the court may exclude the defendant from any or all deposition proceedings at which the child is to testify. However, where any such order of exclusion is entered, the child shall not be excused as a witness until the defendant has had a reasonable opportunity to review the videotype recording in private with his counsel and to consult with his counsel; and until his counsel has been afforded the opportunity to cross-examine the child following such review and consultation.
   2. The court may also order, on motion of the prosecuting attorney, during all predeposition procedures, recesses, and post-deposition matters that the child be sequestered from the view and presence of the defendant.
   3. In no event shall the child's videotaped testimony be admitted into evidence until the defendant and his attorney have been afforded a reasonable opportunity to review the videotape in private in the presence of each other.

count those facts mentioned in the statute."

Although the victims did not testify at trial, the videotaped depositions were introduced in evidence over defendant's objection. Defense counsel specifically noted § 491.680 requires that the court consider the emotional or psychological trauma to the child if the child were forced to testify in open court or be brought into the personal presence of the defendant and stated: "I think the statute implies that there should be an evidentiary hearing on that issue. In this situation there had been no evidentiary hearing from which there could be a finding of fact that would justify the use of the tape. All that happened was that [the prosecutor] made an allegation in a pleading that a doctor, or a psychologist ... said that it might be traumatic." The following exchange then ensued:

THE COURT: Did I make a finding?

[DEFENSE COUNSEL]: You made a finding, I believe, after the tape was already made.

THE COURT: Well, I don't think that takes anything away from it.

But was there an affidavit filed?

[DEFENSE COUNSEL]: No.

THE COURT: Just a motion?

[DEFENSE COUNSEL]: Just a motion and an allegation in a motion.

THE COURT: Well, I think children of this young age, it would seem to me like you could probably assume that it would be emotionally traumatic to them, to do it in the usual fashion.

The record supports defense counsel's description and summary of events.

■ On appeal, defendant asserts that §§ 491.680 and 491.685 "as applied violated [his] right of confrontation under the sixth amendment to the United States Constitution and article 1, section 18(a) of the Missouri Constitution, in that they denied him the right of face-to-face confrontation with his accusers." We agree that the admission of the videotaped depositions in this case did not conform to the standards established by cases interpreting the Confrontation Clause.

In *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), the Supreme Court noted that "the Confrontation Clause reflects a preference for *face-to-face* confrontation *at trial,* and that 'a primary interest secured by [the provision] is the right of cross-examination.'" *Id.* 100 S.Ct. at 2537 (quoting *Douglas v. Alabama,* 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965)). The Court in that case employed a two-prong analysis for out-of-court statements sought to be admitted in criminal trials, concluding first that "in the usual case (including those where prior cross-examination has occurred), the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant." *Id.* 100 S.Ct. at 2538. If a witness is shown to be unavailable, his prior statement is admissible only if it bears "sufficient indicia of reliability[,]" which "can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness." *Id.* at 2539.

We have no trouble concluding that depositions admitted pursuant to § 491.680, including the ones at issue here, are endowed with particularized guarantees of trustworthiness; such statements are made under oath, subject to cross-examination, and presented to the jury in a manner which allows it to consider, in judging the witness's credibility, the visual and audial context of the statement as well as the words spoken.

This, of course, does not end our inquiry. As previously noted, *Roberts* established a "rule of necessity" which requires the state either produce the declarant at trial or demonstrate such declarant's unavailability. In *United States v. Inadi,* 475 U.S. 387, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986), the Court emphasized the importance of the unavailability requirement in cases involving prior testimony:

Unlike some other exceptions to the hearsay rules, or the exemption from the hearsay definition involved in this case [co-conspirator statements], former testi-

mony often is only a weaker substitute for live testimony. It seldom has independent evidentiary significance of its own, but is intended to replace live testimony. If the declarant is available and the same information can be presented to the trier of fact in the form of live testimony, with full cross-examination and the opportunity to view the demeanor of the declarant, there is little justification for relying on the weaker version. When two versions of the same evidence are available, longstanding principles of the law of hearsay, applicable as well to Confrontation Clause analysis, favor the better evidence.

*Id.* 106 S.Ct. at 1126.

While § 491.680 does not mention unavailability, the state argues that when the trial court determines that the child will suffer emotional or psychological trauma if forced to testify in open court in the presence of defendant it has, in effect, concluded that the child is unavailable as a witness at trial. There is some merit to that proposition. If a child witness is rendered incapable of testifying in court because of the emotional or psychological trauma that would ensue, then the witness might be considered "unavailable" for purposes of confrontation analysis. That contention is consistent with the recognition that Confrontation Clause analysis involves balancing and accommodating both the rights secured to the defendant by the constitu-

tion with the state's "strong interest in effective law enforcement, and in the development and precise formulation of the rules of evidence applicable in criminal proceedings" according to the general approach established on a case by case basis. *Roberts,* 100 S.Ct. at 2538. It is noteworthy that the federal rules of evidence define witness unavailability to include situations in which the declarant is unable to testify because of then existing physical or mental illness or infirmity, Fed.R.Evid. 804(a), and if a witness is truly unavailable to testify at trial under that rule the "necessity" prong of the *Roberts* test is satisfied. *See Burns v. Clusen,* 798 F.2d 931 (7th Cir.1986).[3]

■ However, applying this analysis to the case before us, we conclude that the state failed to introduce evidence of trauma sufficient to demonstrate unavailability. While the statute does not specify what evidence of trauma must be produced or whether a hearing must be held, we believe that before the depositions provided for by § 491.680 may be admitted at trial without violating the confrontation clauses of the United States and Missouri Constitutions, the state must produce evidence, at a hearing, sufficient to establish not merely that it would be less traumatic for the child to testify at an in-camera deposition, but that the emotional and psychological trauma which would result from testifying in open

---

3. *United States v. Benfield,* 593 F.2d 815 (8th Cir.1979), relied on by defendant, is not to the contrary. In that case an adult kidnapping victim testified by deposition at a proceeding in which the defendant was excluded from the room where the deposition was taken but was able to view the deposition by television monitor. The Eighth Circuit reversed the defendant's conviction, finding that the procedure utilized violated defendant's confrontation rights. Although the precise basis for the court's holding is somewhat unclear, it appears that the court was concerned more with indicia of reliability than unavailability. Indeed, the court noted that mental illness or infirmity may constitute unavailability. *Id.* at 820. The court also observed that the government made "only a marginal showing of [the witnesses'] unavailability at trial" and that "[a]n additional showing of the witness's mental condition and availability on the trial date would have been a much better practice." *Id.* at 817 n. 4.

Several factors distinguish the case before us from *Benfield* in addition to the obvious difference in the age of the witnesses and the nature of the offenses. Unlike the deposition in *Benfield,* which was taken pursuant to Fed.R.Crim. Proc. 15, the deposition here was taken in a courtroom in the presence of a judge and conducted according to the rules of evidence applicable to criminal cases. Section 491.680 also requires that defendant be provided with discoverable materials prior to the deposition and be given, in addition to cross-examination at the deposition, "at least two opportunities to cross-examine the deposed alleged child victim, once prior to the preliminary hearing and at least one additional time prior to the trial." As the court in *Benfield* recognized, the procedures employed must be considered in the factual context of each case, 593 F.2d at 821, and the procedure utilized in this case possessed sufficient indicia of reliability to pass constitutional muster.

court or in the personal presence of the defendant in effect makes the child unavailable as a witness at the time of trial.[4] Such an approach necessarily involves a case by case determination by the trial court, and not the indiscriminate approach reflected here. There was no evidence in this case from which it may be concluded that the alleged victims were unavailable, and the admission of their depositions pursuant to the statute, therefore, violated defendant's right to confront the witnesses against him.[5] The evidence erroneously admitted was a crucial part of the state's case, and we must reverse the judgment and remand for new trial.

Because our holding on this point is dispositive of the appeal, and because the other points raised are unlikely to recur in the same posture, we need not extend this opinion by a discussion of defendant's further contentions[6].

Reversed and remanded.

BILLINGS, C.J., and BLACKMAR, DONNELLY, WELLIVER and HIGGINS, JJ., concur.

ROBERTSON, J., concurs in result.

---

[4]. We need not decide here whether videotaped depositions may be admitted under § 491.075 in the absence of evidence of trauma if the requirements of that statute are otherwise met.

[5]. Defendant does not assert on appeal that his exclusion from the deposition violated his right to due process. *See Kentucky v. Stincer,* —— U.S. ——, 107 S.Ct. 2658, 2667–8, 96 L.Ed.2d 631 (1987).

[6]. Several of defendant's points deal with the absence of a record of the hearing concerning admission of various out-of-court statements pursuant to § 491.075, although it is conceded that a hearing was held and findings made. We need not determine whether the absence of a record of the § 491.075 hearing, raised here as plain error, provides a basis for reversal; however, *see State v. Brown,* 744 S.W.2d 809, 812 (Mo. banc 1988). We anticipate that on retrial a hearing will be held on the record before the admission of any statements under that statute. Such is certainly good practice, whether or not expressly required.