STATE of Missouri, Respondent,

v.

Diane DAVIDSON, Appellant.

No. WD 40468.

Missouri Court of Appeals, Western District.

Feb. 7, 1989.

Wayne Fraser, Edina, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P.J., and TURNAGE and LOWENSTEIN, JJ.

## TURNAGE, Judge.

Diane Davidson was found guilty by a jury of sodomy, § 566.060, RSMo 1986. Because of a prior conviction for leaving the scene of an accident Diane was sentenced by the court to a term of eight years.

Diane contends the court denied her the right of confrontation as guaranteed by the Sixth Amendment of the United States Constitution and Art. I, § 18(a) of the Missouri Constitution when the court allowed the child victim's deposition to be taken without Diane present.[1] Reversed and Remanded.

In April of 1986 the Division of Family Services received a hotline call from Diane indicating that her stepchildren, Christina and Michael, were being physically neglected. Diane was married to Michael Davidson, the father of the children, at that time. An employee of the Division investigated and as a result Diane was charged with sodomy by placing her finger in the vagina and rectum of Christina.

After Diane had been charged, the special prosecutor filed a motion pursuant to §§ 491.680 and 491.685, RSMo 1986, to take the deposition of Christina and to exclude Diane from the room in which the deposition was being taken. When the motion came up for hearing the special prosecutor told the court that Christina was five years old and that the child could not stop crying in order to testify at the preliminary hearing until Diane was excluded from the courtroom. The special prosecutor presented no evidence and nothing else in support of the motion. Counsel for Diane objected to excluding Diane because of her right to confrontation under the Constitution. The court took the view that the statute provides for cross-examination and that this was the confrontation to which Diane was entitled.

The video tape deposition of Christina was taken without the presence of Diane and was shown to the jury over her objection at trial.

Section 491.680 provides that in any prosecution under the provision of Chapter 566 involving an alleged child victim (any child under the age of 17 years) the court may order that a video tape recording of the child victim may be made for use as substantive evidence at either a preliminary hearing or a trial upon motion of the prosecutor. That section further provides that in determining whether or not to allow the motion "the court shall consider the elements of the offense charged and the emotional or psychological trauma to the child if required to testify in open court or to be brought into the personal presence of the defendant."

Section 491.685 provides that on motion of the prosecutor the court may exclude the defendant from any deposition in which the child is to testify.

A video tape was made of the examination of Christina, from which Diane was excluded, by the special prosecutor and counsel for Diane. Although Christina did not testify in the presence of the jury, the video tape was shown to them.

Diane contends that by excluding her from the deposition she was denied the right to confront Christina as guaranteed by the federal and state constitutions.

In *Coy v. Iowa*, 487 U.S. ——, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), the court considered an Iowa statute which allowed a child victim of sexual abuse to testify with a large screen placed between the defendant and the witness stand so that the defendant could dimly see the witness, but the witness could not see the defendant. The court traced the right of confrontation from Roman law to Common law. The court stated at 487 U.S. at ——, 108 S.Ct. at 2801, 101 L.Ed.2d at 864–65:

The Sixth Amendment's guarantee of face-to-face encounter between witness and accused serves ends related both to

1. The brief on appeal contains an attack on the constitutionality of §§ 491.680 and 491.685, RSMo 1986. During oral argument counsel for

Diane abandoned his claim that those sections are unconstitutional.

appearances and to reality. This opinion is embellished with references to and quotations from antiquity in part to convey that there is something deep in human nature that regards face-to-face confrontation between accused and accuser as "essential to a fair trial in a criminal prosecution." *Pointer v. Texas*, 380 US 400, 404, 13 L Ed 2d 923, 85 S Ct 1065 [1068] (1965).

The court further stated at 487 U.S. at ——, 108 S.Ct. at 2802, 101 L.Ed.2d at 866:

It is always more difficult to tell a lie about a person "to his face" than "behind his back." In the former context, even if the lie is told, it will often be told less convincingly. The Confrontation Clause does not, of course, compel the witness to fix his eyes upon the defendant; he may studiously look elsewhere, but the trier of fact will draw its own conclusions. Thus the right to face-to-face confrontation serves much the same purpose as a less explicit component of the Confrontation Clause that we have had more frequent occasion to discuss—the right to cross-examine the accuser; both "ensur[e] the integrity of the fact-finding process." *Kentucky v. Stincer*, supra, [482 U.S. 730] at ——, 96 L Ed 2d 631, 107 S Ct 2658 [2662].

The court held that the defendant in *Coy* had been denied his constitutional right to face-to-face confrontation. The court reserved for another day the question of whether or not there is any exception to the constitutional right of face-to-face confrontation.

About two weeks prior to the decision in *Coy, State v. Sanchez*, 752 S.W.2d 319 (Mo. banc 1988) was decided. *Sanchez* involved a video tape deposition of a child victim which had been taken after the court had excluded the defendant from attending the deposition under §§ 491.680 and 491.685. The court reasoned at 752 S.W.2d at 322[1]:

If a child witness is rendered incapable of testifying in court because of the emotional or psychological trauma that would ensue, then the witness might be considered "unavailable" for purposes of confrontation analysis. That contention

is consistent with the recognition that Confrontation Clause analysis involves balancing and accommodating both the rights secured to the defendant by the constitution with the state's "strong interest in effective law enforcement, and in the development and precise formulation of the rules of evidence applicable in criminal proceedings" according to the general approach established on a case by case basis. [*Ohio v.*] *Roberts*, [448 U.S. 56], 100 S.Ct. [2531] at 2538 [65 L.Ed.2d 597 (1980)].

■ In *Sanchez* the court seemed to recognize an exception to face-to-face confrontation in those cases in which sufficient trauma to the child witness is shown. The result of such trauma would be the unavailability of the child to appear in court which would make the deposition admissible under the usual rules governing the admission of depositions. The court did not address the exclusion of the defendant from the deposition as a denial of face-to-face confrontation. The court apparently felt that cross-examination satisfied the right of confrontation. Art. I, § 18(a) of the Missouri Constitution provides among other rights the right of an accused in a criminal prosecution "to meet the witnesses against him face-to-face." In view of the provision of the Missouri Constitution and *Coy* there is no doubt that the right to cross-examine does not satisfy the right of confrontation. However, it is not necessary to decide if there is any conflict between the Missouri Constitution and *Coy* and *Sanchez* because in *Sanchez* the court held that the state failed to introduce evidence of trauma sufficient to demonstrate that the child witness was unavailable. The court stated that the statute did not specify what trauma must be produced or whether a hearing was required and stated at 752 S.W.2d at 322[2]:

[W]e believe that before the depositions provided for by § 491.680 may be admitted at trial without violating the confrontation clauses of the United States and Missouri Constitutions, the state must produce evidence, at a hearing, sufficient to establish not merely that it would be less traumatic for the child to testify at

an in-camera deposition, but that the emotional and psychological trauma which would result from testifying in open court or in the personal presence of the defendant in effect makes the child unavailable as a witness at the time of trial. (footnote omitted)

In this case the state failed to introduce any evidence as to the trauma which Christina would suffer by being required to testify in the presence of Diane. All the court heard was statements made by the special prosecutor. Statements made by counsel during the presentation of the motion cannot be considered as evidence. *State v. Choate*, 600 S.W.2d 37, 40 (Mo. App.1980). *Sanchez* requires the state to produce evidence as to the trauma that a child would suffer but the state failed to produce any evidence. Furthermore, the court did not make a finding in this case concerning trauma, no doubt because of the failure of the state to produce evidence of that fact. As in *Sanchez* the deposition admitted in this case was a crucial part of the state's case.

It follows that the deposition was erroneously admitted in evidence because Diane was excluded when the deposition was taken and there was no evidence to show that Christina would suffer trauma if Diane were present.[2]

Complaint is made of one incident which occurred during trial but that incident need not be repeated. In any event, the parties have the benefit of the briefs on that question.

The judgment is reversed and this cause is remanded for further proceedings.

All concur.

**2.** Although this court need not resolve any possible conflict between the Missouri Constitution and *Coy* and *Sanchez,* the trial court on remand will want to consider the Missouri Constitution and *Coy* as well as *Sanchez* in deciding whether or not to exclude Diane from any deposition.