**STATE of Missouri, Plaintiff–Respondent,**

v.

**Jackie HOOKER, Defendant–Appellant.**

**No. 16426.**

Missouri Court of Appeals,
Southern District,
Division One.

June 22, 1990.

1. All references to statutes are to RSMo 1986

Susan L. Hogan, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PARRISH, Judge.

Jackie Hooker (hereafter referred to as "defendant") was charged with and, following a jury trial, convicted of the offense of sodomy. § 566.060.[1] He appeals that conviction.

Defendant raises two points on appeal. In his first point, defendant contends the trial court erred in permitting the state to elicit, over defendant's objection, evidence of the victim's hearsay statements. Defendant contends that the admission of that testimony violated his right to confront witnesses and violated his right to due process of law as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and by Article I, §§ 10 & 18(a) of the Missouri Constitution, in that the victim did not testify at trial and was not shown to be unavailable. Defendant complains that there was no showing of reliability of the statements allegedly made by the victim to the persons who testified at trial. Defendant further complains that he was not afforded the opportunity to cross-examine the victim.

In his second point, defendant complains that the trial court abused its discretion by sustaining the state's objection to defense counsel's statement in closing argument that people accusing others of crimes traditionally make their accusations in court. Defendant complains that the trial court's ruling unduly restricted his right to make a closing statement and thereby restricted his right to challenge the credibility of his accuser in a case where the evidence of defendant's guilt was based largely on hearsay and was not overwhelming.

unless otherwise stated.

At the time of trial, defendant was 17 years old. He was in the 10th grade at school enrolled in learning disability classes. The victim was defendant's four-year old stepsister. The only testimony at trial came from three witnesses for the state to whom the four-year old victim had made statements, from a detective to whom defendant had made an oral statement, and from defendant.

The three witnesses to whom the victim had made statements were a policeman who had transported the victim and her mother to a hospital in order that the victim could be medically examined; a physician who had examined the victim; and a child abuse investigator.

 Defendant, according to the testimony of the detective, made a statement in the form of responses to specific questions asked of him, in which defendant admitted having stuck his finger in the four-year old victim's vagina and in her anus. Defendant's statement was made extrajudicially, i.e., was not made in open court; therefore, absent independent proof (corroboration), direct or circumstantial, sufficient to show the corpus delicti—that the specific crime charged was actually committed by someone—the statement of defendant would have been inadmissible and insufficient to sustain a conviction. *State v. Summers,* 362 S.W.2d 537, 542 (Mo.1962); *State v. Charity,* 587 S.W.2d 350, 353 (Mo.App. 1979).

Section 491.075 prescribes when an out-of-court statement by a child who is an alleged victim of an offense under chapter 565, 566 or 568 may be admitted in evidence. Subsection 2 of that statute refers to circumstances in which a provision of law or rule of evidence requires corroboration. It provides that out-of-court statements by a child alleged to have been a victim of an offense under chapter 565, 566 or 568 are sufficient corroboration when "any provision of law or rule of evidence" requires corroboration of statements, admissions or confessions of a defendant "notwithstanding any prohibition of hearsay evidence." The first subsection of § 491.075 prescribes a procedure to be fol-lowed for an out-of-court statement to otherwise be admitted as substantive evidence. In this case, the state relied on subsection 2 as authority for admitting the out-of-court statements of the four-year old victim.

Because the crime charged is an offense arising under chapter 566 and the victim is under the age of 12, the state contends that § 491.075.2 permits all three witnesses to whom the child spoke to testify about what she told them. Section 491.075.2 states:

Notwithstanding subsection 1 of this section or any provision of law or rule of evidence requiring corroboration of statements, admissions or confessions of the defendant, and notwithstanding any prohibition of hearsay evidence, a statement by a child when under the age of twelve who is alleged to be a victim of an offense under chapter 565, 566 or 568, RSMo, is sufficient corroboration of a statement, admission or confession regardless of whether or not the child is available to testify regarding the offense.

The police officer who went with the victim's mother to take the child to a hospital (Freeman Hospital) for examination was asked, "Before you got or made the decision to go to Freeman Hospital, what did [the victim] tell you?" Over defendant's objection, the officer answered, "[the victim] spontaneously told me that, 'Jackie stuck his finger up my butt.'" The examining physician at the hospital was asked to describe the conversation he had with the victim. Over defendant's objection, he answered:

Well, part, part of the conversation was before and part of it was during the exam, obviously. Uh, I, just to sort of break the ice, just, just talked a little bit. Then I asked her, uh, you know, what had happened. And, uh, and I guess, to paraphrase—I don't know whether I can remember an exact quote—but she told me that her, uh, step-brother had, uh, put his finger in her butt.

The child abuse investigator was asked to tell what she questioned the child about and what responses the child gave. Over

the objection of defendant, the following colloquy occurred:

A. Well, I told her that I had heard some things about her I needed to talk with her about, and her mother told her to talk with me, and I told her that, uh, I had heard that someone had given her some problems, that she had been hurt, and I needed to know what she thought about that and if that were true; she said yes. Uh, and I asked her who had hurt her, and she said Jackie, her brother, Jackie. And I asked her what happened, and she said that she had gone into her mommy's room, uh, and had laid down and gone to sleep and woke up and found Jackie on top of her, and that he, according to her words, he put his fingers in her butt, quote, end quote.

Q. All right.

A. And that he, uh, put his hand over her mouth and told her not to yell or say anything.

Q. All right. Did she indicate to you whether or not, uh, Jackie had given her any instructions as to whether she should tell anybody about this or anything of that nature?

A. I don't—

[DEFENSE COUNSEL]: Objection. Leading.

THE COURT: Objection will be overruled.

A. Uh, well, that he told her not to tell anybody or that he would hurt her.

Q. All right. Anything else that went on in your conversation, uh, with [the victim]?

A. I asked her if she was afraid of Jackie and she said yes. I asked her why, and she was, she couldn't say.

All three witnesses, the police officer, the examining physician, and the child abuse investigator, testified that the victim said that defendant had put his finger in the victim's anus. The jury heard that statement in basically the same context three different times. Additionally, the child abuse investigator, in her testimony, went beyond the scope of defendant's statement. The jury heard the investigator vouch for the victim's credibility by describing the child as "open and verbal, uh, pretty spontaneous for a four-year-old." The investigator expressed the opinion that "as a four-year-old person ... she was pretty verbal and easy to talk with."

The investigator, in relating that the victim told her "that he, according to her words, he put his fingers in her butt, quote, end quote," added that the victim also said, "And that he, uh, put his hand over her mouth and told her not to yell or say anything." The investigator also explained that defendant told the victim "not to tell anybody or that he would hurt her," and that "I asked her if she was afraid of Jackie and she said yes. I asked her why, and she was, she couldn't say."

The state contends that all of the foregoing attributable to statements of the four-year old victim was offered, pursuant to subsection 2 of § 491.075, to corroborate defendant's statement. That statement, according to the detective who interrogated defendant was:

Well, I asked him first of all if he had had sex with her; he said no. I asked him if he had touched her; he said yes. So then I asked him how, and he indicated by, uh, showing me his finger. Uh, and I asked him where, if he had placed it in her vagina, and he said yes. And, uh, anywhere else; he said yes. And then I asked him, you know, in the anus, and he said yes. And then we narrowed the time frame down by asking him if it had been recently, and he said yes. I asked him if it had been more than one time; he said no to that one.

Defendant, in his testimony at trial, denied that he had stuck his finger in the victim's vagina and denied that he had stuck his finger in the victim's anus. He acknowledged that he had told the detective that he had done those things. Defendant said, however, that the detective told him that he could go home if he said he did those things and, if he said he did not do them, he would "be in a lot more trouble."

In *State v. Seever*, 733 S.W.2d 438, 441 (Mo. banc 1987), the supreme court held that when a child under the age of 12, who is alleged to have been a victim of child

abuse, gives a videotaped statement, as permitted by § 492.304, the state must choose whether to use the videotaped statement or to call the child as a live witness. The court held, in *Seever,* that the state cannot offer both for the reason that the evidence is cumulative.

Arguably, the same problem arises if the state elicits hearsay statements made to three different persons by a victim of child abuse. In this case, the jury heard the same thing from three different witnesses, that the victim told them that defendant put his finger in her anus. Had the victim testified, the jury would have heard that testimony from one source. It is questionable that the application of § 491.075.2, which provides a means of providing corroboration of a defendant's statement, was intended to be used in this manner.

The procedure prescribed by subsection 1 of § 491.075 [2] for admitting, as substantive evidence, an out-of-court statement made by a child under the age of 12 who is alleged to be the victim of an offense under chapter 565, 566 or 586 satisfies constitutional requirements. *State v. Wright,* 751 S.W.2d 48 (Mo. banc 1988). However, in this case no attempt was made to introduce the out-of-court statements of the victim by following the procedure prescribed by subsection 1. The out-of-court statements about which the child abuse investigator testified (and much of which went beyond the scope of the statement given by defendant) were admitted in evidence without any determination of indicia of reliability and without the victim testifying at the proceedings or being unavailable as a witness. The testimony of the child abuse investigator went beyond "corroboration." It is questionable that evidence which would have been admissible by the use of carefully prescribed safeguards designed to assure its credibility (as prescribed by

subsection 1) is otherwise admissible by being erroneously characterized as "corroboration." That testimony arguably exceeded the scope of subsection 2 of § 491.075.

■ It is unnecessary, however, to pursue those questions further or to pursue the questions presented by defendant's second point on appeal. The legal file discloses the commission of plain error with respect to the trial court's verdict-directing instruction which, due to its impact on the fundamental rights of the defendant, is considered in this appeal. Rule 30.20, relating to appellate procedure in criminal cases, directs as follows:

> Allegations of error that are not briefed or are not properly briefed on appeal shall not be considered by the appellate court except errors respecting the sufficiency of the information or indictment, verdict, judgment, or sentence. Whether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.

The verdict-directing instruction states:

### INSTRUCTION NO. 6

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about December 16, 1988, in the County of Jasper, State of Missouri, the defendant inserted his finger into the anus of [the victim], and

Second, that [the victim] was then less than fourteen years old, and

Third, that defendant was not then married to [the victim], then you will find the defendant guilty of sodomy.

However, unless you find and believe from the evidence beyond a reasonable

---

2. § 491.075.1 states:

**Statement of child under twelve admissible, when.**—1. A statement made by a child under the age of twelve relating to an offense under chapter 565, 566 or 568, RSMo, performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive

evidence to prove the truth of the matter asserted if:

(1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2) The child either:

(a) Testifies at the proceedings; or

(b) Is unavailable as a witness.

doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty of sodomy, you will assess and declare the punishment at imprisonment for a term of years fixed by you, but not less than five years and not to exceed fifteen years.

MAI–CR 3d 320.08.2 Submitted by State

■ The statute, § 566.060, which declares the conduct that constitutes the offense of sodomy states, in pertinent part:

. . . . .

3. A person commits the crime of sodomy if he has deviate sexual intercourse with another person to whom he is not married who is less than fourteen years old.

. . . . .

Deviate sexual intercourse is defined in § 566.010.1(2) as "any sexual act involving *the genitals of one person and the* mouth, tongue, hand or *anus of another person.*" (Emphasis added).

The jury was instructed to find the defendant guilty of sodomy if it found and believed beyond a reasonable doubt "that . . . the defendant inserted *his finger* into *the anus of* [the victim]" (emphasis added), and "that [the victim] was then less than fourteen years old." For the offense of sodomy to have occurred, however, the defendant would have been required, by the terms of §§ 566.060 and 566.010.1(2), to have engaged in a sexual act involving his (defendant's) genitals and the "mouth, tongue, hand or anus" of the victim (or vice versa). Webster's New Collegiate Dictionary 479 (1974) defines "genitals" or "genitalia" as "the organs of the reproductive system; *esp.* the external genital organs." That term is defined in the Sloane–Dorland Annotated Medical–Legal Dictionary 311 (1987) as "the reproductive organs."

The instruction given the jury was defective in that the acts which were stated as constituting the offense of sodomy were,

by virtue of §§ 566.060 and 566.010.1(2), incorrect as a matter of law. There is no readily available recipe of ingredients for finding that plain error exists. As stated in *State v. Miller,* 604 S.W.2d 702, 706 (Mo.App.1980):

> Unfortunately, no talismanic method exists for determining "plain error". It can be said, however, that "plain error" is "prejudicial error" which so substantially affects the rights of an accused that "manifest injustice" or a "miscarriage of justice" inexorably results if left uncorrected. Thus, "plain error" is a unique and elusive concept because of its lack of fixed dimension. Consequently, *it has been judicially recognized that the existence or nonexistence of "plain error" must be coped with on a case to case basis and rebalanced each time against the particular facts and circumstances of each case.* (Emphasis added.)

The rule, with respect to jury instructions, however, was established as early as 1912. In *State v. Conway,* 241 Mo. 271, 145 S.W. 441, 448 (1912), the supreme court, in reversing the trial court,[3] said:

> [I]f satisfied from the record that there has been a failure to instruct the jury upon a question which goes to the fundamental rights of the defendant, and that by such failure injustice may have been done or a verdict returned different than if such failure had not occurred, this court in the interest of justice will not hesitate to grant a new trial, though the question should be presented here for the first time.

A basic principle regarding jury instructions is that instructions presenting the constitutive facts of the offense charged are necessary for the information of the jury. *State v. Weinberg,* 245 Mo. 564, 150 S.W. 1069, 1072 (1912). In this case, by erroneously describing acts in the verdict director which did not constitute the crime

---

**3.** For cases which discuss the issue of plain error with respect to instructions given or not given in criminal cases, but which failed to find plain error, *see State v. Preston,* 673 S.W.2d 1, 9–10 (Mo. banc), *cert. denied,* 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984); *State v. Patterson,* 443 S.W.2d 104, 106–07 (Mo. banc 1969); *State v. Fetty,* 654 S.W.2d 150, 155 (Mo.App. 1983); *State v. Saffold,* 639 S.W.2d 243, 248 (Mo.App.1982); *State v. Miller, supra.*

charged, and which resulted in a guilty verdict, the most fundamental rights of defendant were affected and gross injustice occurred. A manifest injustice and miscarriage of justice resulted by defendant being found guilty. Plain error occurred which affected substantial rights of defendant.

There was insufficient evidence at trial to prove the offense of sodomy. For that reason, this case must be reversed. Because the reversal is based on insufficient evidence, acquittal is mandated. *State v. Wood,* 596 S.W.2d 394 (Mo. banc), *cert. denied,* 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980); *State v. Bailey,* 645 S.W.2d 211, 215 (Mo.App.1983).

The judgment of conviction and sentence is reversed. Defendant is ordered discharged.

CROW, P.J., and PREWITT, J., concur.