STATE of Missouri,
Plaintiff/Respondent,

v.

Richard William FOLLIN,
Defendant/Appellant.

No. 59115.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 28, 1992.

Raymond L. Legg, Columbia, for defendant, appellant.

William L. Webster, Atty. Gen., Robert Alan Kelly, Asst. Atty. Gen., Jefferson City, for plaintiff, respondent.

GRIMM, Presiding Judge.

Defendant Richard Follin was convicted by a jury of four counts of sodomy and one count of rape. He appeals from the judgment and sentence imposed; we reverse

the judgment on Count II and otherwise affirm.

On appeal, he alleges the trial court erred in (1) overruling his motion for acquittal on count II because the State's evidence was insufficient, as a matter of law, to submit sodomy; (2) allowing the State to elicit from its witness reference to defendant's invocation of his right to silence and right to an attorney; (3) sustaining State's objection to defense counsel's questions concerning the bias of a witness; and (4) failing to read MAI–CR 3d 300.04.2 before the jury's third recess.

In December of 1984, defendant moved in with a woman who already had a four-year old by a different man. In 1987, when daughter was six or seven, defendant began to sexually abuse the girl. He continued to abuse her until spring, 1989.

Sometime in the summer of 1989, defendant moved out and victim's mother had a new live-in boyfriend. Victim told boyfriend about the abuse. Boyfriend called the child abuse hotline. A subsequent investigation led to defendant's arrest.

The State concedes defendant's first point of error. Count II of the information charged defendant with sodomy in violation of § 566.060,* "in that between September, 1987 and March, 1989 ... the defendant had deviate sexual intercourse with [victim], to whom defendant was not married and who was then less than fourteen years old, to-wit: the defendant rubbed [victim's] vagina with his penis." The verdict director for count II instructed the jury to find defendant guilty of sodomy if he "rubbed [victim's] vagina with his penis."

Sodomy requires an act of "deviate sexual intercourse." Deviate sexual intercourse is "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person." Section 566.010(1). Clearly, defendant's conduct did not involve the "mouth, tongue, hand or anus" and is not sodomy. *See State v. Hooker,* 791 S.W.2d 934, 938 (Mo.App.S.D.1990).

* All statutory references are to RSMo (Cum.Supp.

While defendant was arguably guilty of sexual abuse in the first degree, he was not charged with that offense. *See State v. Keil,* 794 S.W.2d 289, n. 1 p. 291 (Mo.App. E.D.1990). Defendant's conviction on Count II is reversed.

No precedential value would be served by an extended opinion discussing defendant's remaining points. However, the parties have been furnished with a memorandum for their information only, setting forth the facts and reasons for denying those points.

The judgments on Counts I, III, IV, and V are affirmed in accordance with Rule 30.25(b). The judgment on Count II is reversed.

CRANDALL and SIMON, JJ., concur.

1991) unless otherwise specified.