**STATE of Missouri, Plaintiff–Respondent,**

v.

**Robert BOGARD, Defendant–Appellant.**

**No. 17919.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 4, 1992.

Judith C. LaRose, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SHRUM, Judge.

A jury found the defendant, Robert Bogard, guilty of the class A felony of robbery in the first degree, § 569.020, RSMo 1986. The trial court sentenced the defendant as a prior offender to a term of 15 years' imprisonment. The defendant appeals; we affirm.

### ISSUES ON APPEAL

The defendant raises two issues on appeal: (1) Whether the trial court committed plain error in failing *sua sponte* to admonish the prosecutor about his alleged improper remark during closing argument, and (2) whether a jury instruction defining "proof beyond a reasonable doubt" allowed the jury to convict the defendant on a degree of proof below that required by due process.

### FACTS

Around 6:15 p.m. on October 30, 1990, Julia Mitchell was on duty as a clerk at a convenience store in Kennett, Missouri, when two men entered the store. One of the men, later identified by Mitchell as the defendant, approached the counter. He had one hand under his jacket and "there was something poking the jacket" that Mitchell believed to be a gun. The defendant, who was not masked, told Mitchell to "give me all the money you've got right now and don't do nothing else." Mitchell placed the money drawer, which had been behind her, in front of the two men who took all the bills and ran from the store.

Mitchell said that during the robbery "for about 45 seconds [the defendant] was no more than a foot and a half from my face." During that time, Mitchell was looking at the defendant "directly in the eye." Approximately two weeks later, Mitchell identified the defendant in a four-man line-up.

At trial, the defendant's attorney objected to the giving of Instruction No. 4, patterned after MAI–CR3d 302.04, which defines the term "proof beyond a reasonable doubt." During closing argument, defense counsel lodged no objection to any of the prosecutor's comments to the jury, and the alleged error in the state's closing argument was not raised in the defendant's motion for new trial.

### CLOSING ARGUMENT ISSUE

■ Because the alleged error on the part of the prosecutor in closing argument was not subject to contemporaneous objection and was not raised in the defendant's motion for new trial, it can be examined only under the plain error standard of Rule 30.20.[1] *State v. Roberts*, 709 S.W.2d 857, 864[6] (Mo.banc), *cert. denied*, 479 U.S. 946, 107 S.Ct. 427, 93 L.Ed.2d 378 (1986).

■ The defendant requests plain error review by this court, arguing that the trial court's failure to admonish, *sua sponte*, the prosecutor following a remark in closing argument resulted in a manifest injustice.[2] Specifically, the defendant charges that a

---

1. Rule 30.20 provides, in pertinent part, "[P]lain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

2. In urging plain error review, the defendant relies on *State v. Burnfin*, 771 S.W.2d 908 (Mo.

App.1989). The court of appeals in *Burnfin* conducted plain error review because no issue regarding the prosecutor's alleged personal attack on defense counsel in closing argument was preserved in the new trial motion. 771 S.W.2d at 912[9]. Defense counsel in *Burnfin* objected to comments in the prosecutor's clos-

portion of the prosecutor's argument amounted to a personal attack on defense counsel when the prosecutor said, "It's [defense counsel's] job to try to point that way and point that way and point over there and make you look at everything except the real issues in this case." Citing *State v. Hornbeck*, 702 S.W.2d 90, 93[3] (Mo.App. 1985), the defendant argues that the prosecutor's remarks and the trial court's inaction "degraded defense counsel and destroyed the basic precept that both the state and defendant are entitled to a fair trial." [3]

Appellate courts of this state "rarely grant relief on assertions of plain error as to closing argument ... because, in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention." *State v. Clemmons*, 753 S.W.2d 901, 907–08 (Mo.banc), *cert. denied*, 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988). Because trial strategy looms as an important consideration in any trial, assertions of plain error concerning matters contained in closing argument are generally denied without explication. *State v. Amrine*, 741 S.W.2d 665, 669[1] (Mo.banc 1987); *State v. Wood*, 719 S.W.2d 756, 759[5] (Mo.banc 1986). In *State v. McMillin*, 783 S.W.2d 82 (Mo.banc), *cert. denied*, —— U.S. ——, 111 S.Ct. 225, 112 L.Ed.2d 179 (1990), our supreme court refused to review the defendant's claims with respect to closing argument under the plain error standard, stating, "The plain error rule should be used sparingly and does not justify a review of every trial error that has not been properly preserved for appellate review." 783 S.W.2d at 97–98[31].

Adhering to the foregoing, we expressly refuse to review the defendant's claims with respect to the prosecutor's closing argument. The defendant waived his claim of error by failure to preserve error. *See McMillin*, 783 S.W.2d at 98[31]. Perhaps defense counsel "considered the remarks inconsequential not warranting objection[,] or as trial strategy [counsel] set the stage for built in error." *See Wood*, 719 S.W.2d at 760[5]. Whatever the reason for counsel's failure to object, we decline to exercise our discretion to review under the plain error rule.

## REASONABLE DOUBT DEFINITION

■ The defendant's second point is that the trial court erred when it submitted Instruction No. 4, patterned after MAI–CR3d 302.04, which defines *reasonable doubt* as "proof that leaves you firmly convinced of the defendant's guilt." Relying primarily on *Cage v. Louisiana*, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), the defendant charges that Instruction No. 4 violated his due process rights "because 'firmly convinced' suggests a higher degree of doubt than is constitutionally required for acquittal...." [4]

A challenge to the MAI–CR3d 302.04 definition of *reasonable doubt* was raised and denied by the Missouri Supreme Court in *State v. Antwine*, 743 S.W.2d 51 (Mo.banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988), and more recently in *State v. Griffin*, 818 S.W.2d 278 (Mo.banc 1991). The defendant's point is governed by *Griffin* and *Antwine*, not by *Cage*. *State v. Edmonson*, 827 S.W.2d 243, 249 (Mo.App.1992); *State v. Vanzant*, 814 S.W.2d 705, 708 (Mo.App.1991). Accordingly, it is denied.

Judgment affirmed.

PARRISH, C.J., and CROW, P.J., concur.

---

ing argument, but the objections were overruled. *Id.* at 912–13[9]. Here, no objection was made.

3. In contrast to this case, defense counsel in *Hornbeck* made timely objection to the prosecutor's comment. 702 S.W.2d at 92–93.

4. The defendant would have us employ the "hesitate to act" standard discussed in, e.g., *Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 138[25], 99 L.Ed. 150 (1954); *State v. Manning*, 409 S.E.2d 372, 374–75 (S.C.1991); *Geesa v. State*, 820 S.W.2d 154, 161–62 (Tex.Crim.App. banc 1991); *United States v. Ivic*, 700 F.2d 51, 68–69[10] (2nd Cir.1983); and *Monk v. Zelez*, 901 F.2d 885, 889–92 (10th Cir.1990).