**STATE of Missouri, Plaintiff–Respondent,**

v.

**Michael EUER, Defendant–Appellant.**

No. 19507.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 27, 1995.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SHRUM, Chief Judge.

Michael Euer (Defendant) was found guilty by a jury of multiple counts of sodomy.[1] § 566.060.3, RSMo Supp.1990. The trial court sentenced him to fifteen years' imprisonment on each of the four sodomy convictions that he has appealed.

On appeal Defendant contends the evidence was insufficient to support his conviction on Counts VI, VII, X and XI. The state agrees with Defendant's contention as to Count VI and asks that such conviction be reversed. Accordingly, we reverse Defendant's conviction as to that count and order Defendant discharged as to Count VI.

We find the evidence sufficient as to Counts VII, X and XI and affirm the judgment as to those counts.

■ The standard for appellate review of the sufficiency of evidence to support a criminal conviction is stated in *State v. Dulany,* 781 S.W.2d 52 (Mo. banc 1989):

"On review, the Court accepts as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregards all evidence and inferences to the contrary. In reviewing a challenge to the sufficiency of the evidence, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt."

*Id.* at 55 [2, 3] (citation omitted). All evidence is reviewed by the foregoing standards no matter who submitted it. *State v. Brown,* 637 S.W.2d 395 (Mo.App.1982). "Credibility of witnesses and the weight and value to be given their testimony are matters within the province of the jury and are not for review on appeal." *State v. Jenkins,* 776 S.W.2d 59, 63 [3] (Mo.App.1989).

■ As to both Counts X and XI, the jury was charged by instructions patterned after MAI–CR3d 320.02 concerning all elements of sodomy of a child under fourteen years of age. The acts hypothesized in Instructions No. 14 (Count X) and No. 15 (Count XI) and the time frame of their occurrence are as follows: "between December 20, 1991, and December 31, 1991, . . . [D]efendant [put] his mouth upon the genitals of [J.B.]. . . ."

Defendant argues that there was insufficient evidence to support both instructions. He acknowledges that the testimony of Richard Gregory, Police Chief of East Prairie, would support Count X or Count XI but contends that his testimony would not support both counts.

Gregory testified that he was acquainted with Defendant who was employed in the East Prairie school system as a teacher and principal. After allegations of Defendant's sexual abuse of students arose, Gregory investigated those complaints. As part of that investigation, he interviewed J.B., a student at the school where Defendant was employed. During that interview, J.B. told Gregory of several incidents in which J.B. was sexually abused by Defendant. Of those instances, J.B. described only one instance when Defendant put his mouth on J.B.'s penis. That occurred in Defendant's office "between Thanksgiving and Christmas" in 1991.

Defendant argues that Gregory's testimony is the only evidence of an incident in which Defendant put his mouth on J.B.'s penis; hence, "there was evidence sufficient to support only Count X or Count XI; not both." That argument ignores J.B.'s testimony at trial concerning an incident that occurred in Defendant's truck. J.B. testified that he "had to serve a detention" at school. After detention, Defendant offered to take J.B. home. J.B. accepted. J.B. testified that while in Defendant's truck, Defendant "made

---

1. Defendant was also convicted of attempted sodomy (a felony) and indecent exposure (a misdemeanor). He does not appeal from the judgments and sentences on those convictions. Likewise, he does not appeal from the judgments and sentences on four of his sodomy convictions.

me suck [Defendant's] penis and *after [Defendant] sucked my penis,* he showed me a book." We conclude that such testimony was sufficient for the jury to find that there was a second occasion when Defendant placed his mouth on J.B.'s genitals, thus entitling the jury to conclude that Defendant was guilty as charged in both Counts X and XI. We reject Defendant's arguments to the contrary.

■  Regarding Count VII, the jury was required by Instruction No. 11 to decide if it believed, beyond a reasonable doubt, whether "between August 31, 1992, and October 31, 1992, ... [D]efendant inserted his genitals into the anus of [A.G.] ... [and that A.G.] was then less than fourteen years old...." Defendant contends that there was insufficient evidence to support this instruction. He points out—rightfully so—that at trial A.G. did not testify to such an occurrence, i.e., that Defendant had inserted his penis into A.G.'s anus. When asked at trial if he had told the prosecutor of such an occurrence, A.G. answered, "No[,] ... [I] don't remember telling him that." Instead, A.G. testified about an incident in the school bathroom where Defendant had "grabbed [A.G.'s] hand and ... forced it down by his penis and [Defendant] had me play with his penis...."

Had Defendant rested without adducing evidence, his contention as to Count VII would be meritorious. However, "evidence offered by the defendant which supports a finding of guilt may be considered in passing on the question [of the sufficiency of the evidence to support a conviction]." *State v. McRae,* 533 S.W.2d 663, 666 [2] (Mo.App. 1976).

Here, Defendant showed the jury selected portions of a videotaped interrogation of A.G. conducted by the prosecuting attorney on August 2, 1993. Defense counsel was present at that interrogation. While under oath, A.G. graphically described an incident that occurred in the boy's bathroom at school during which Defendant inserted his penis in A.G.'s rectum. A.G.'s videotaped and sworn statement included:

"Q. [By Prosecutor]: And what happened after [Defendant] opened the door? Did he say anything to you?

A. He grabbed me. He opened the door and as he was coming out, he grabbed me and pulled me in there.

Q. Okay and when he grabbed you were his pants up or down?

A. Down.

Q. Was he still sitting on the commode?

A. No.

Q. What happened after he grabbed you? What did he do?

A. He made me pull my pants down and he put his penis in my butt."

After selecting and showing to the jury part of A.G.'s videotaped statement, Defendant's counsel questioned Defendant about A.G.'s conflicting versions of the bathroom incident.

"Q. [Defense counsel] [A.G.] ... says that something happened down in that bathroom in ... Webb school, that you were waiting in a stall or something, *and depending on which version you believed,* you either pulled your pants down and made him grab hold of you or that you bent him over and had anal sex with him in a stall in the bathroom; did you do that?

A. [Defendant] No, sir, I did not." (Emphasis ours.)

Any question about what part of A.G.'s videotaped statement was shown to the jury is removed by defense counsel's closing argument:

"[Defense counsel to Jury] 'Now [A.G.], I showed you some video tape this morning and he recited a horrible, horrible thing here this morning. Terrible. [A.G.] said he had gone in to the bathroom down stairs in the Webb school and ... had ... used the bathroom ... and the next thing you know the door opens to a stall and there's Mr. Euer. Now, note the video tape [A.G.] said he grabbed me, pulled me in, pulled my pants down and put his penis in my [butt]....'"

From the evidence, the jury could have inferred that there were two incidents in the bathroom stall at the school, one of which A.G. remembered at trial and another that he recalled when interviewed. Also, under the circumstances, the jury could have rea-

sonably inferred that Defendant had subjected A.G. to varying types of sexual abuse, and that A.G.'s recollection of the bathroom incident when interviewed was fresher and more credible. Applying the standard of review recited above and considering that all evidence is reviewed by those standards no matter who submitted it, *State v. Groves,* 886 S.W.2d 675, 678 [2] (Mo.App.1994), A.G.'s videotaped testimony about the bathroom incident provided sufficient evidence for the jury to conclude that Defendant committed the act of sodomy as charged in Count VII. The trial court did not err in submitting Count VII to the jury.

■ Finally, as to Count VI, the jury convicted Defendant of sodomy based upon evidence that Defendant had "inserted his finger into the anus of [A.G.]." Instruction No. 10 hypothesized that if the jury found that Defendant had engaged in such conduct beyond a reasonable doubt, it could find Defendant guilty of sodomy. Relying on the language of §§ 566.060, RSMo Supp.1990, and 566.010.(2), RSMo 1986, and *State v. Hooker,* 791 S.W.2d 934 (Mo.App.1990), Defendant argues that "the jury was misinstructed and insufficient evidence was adduced to make a case of sodomy...." The state concedes this point, as it must.[2]

We reverse the judgment of the trial court as to Count VI and, as to it, order Defendant discharged. We affirm the judgment of the trial court as to Counts VII, X, and XI.

PREWITT, P.J., and PARRISH, J., concur.

---

2. We note that, effective January 1, 1995, " '[d]eviate sexual intercourse'" includes "any act ... involving the penetration, however slight, of ... the anus by a finger...." § 566.010(1), RSMo 1994. The effect of the expanded definition of "deviate sexual intercourse" is to limit *Hooker* to conduct occurring before January 1, 1995.