**STATE of Missouri, Plaintiff–Respondent,**

v.

**Rhonda ALTAFFER, Defendant–Appellant.**

No. 23096.

Missouri Court of Appeals, Southern District, Division One

June 29, 2000.

Motion for Rehearing and Transfer Denied July 20, 2000.

Application for Transfer Denied Aug. 29, 2000.

might be a diabetic or have some other medical condition. Defendant denied she had any medical need for the syringes. Shortly afterward, Defendant told Frazee: "That's my bag before I went to prison."

Defendant was taken to a Springfield jail where officer Jennifer Eakes searched Defendant and found a Camel cigarette box in the inside pocket of Defendant's leather jacket. The cigarette box contained a powdered substance later determined to be methamphetamine. At trial, Defendant testified the jacket was hers, but she did not know there was methamphetamine in the inner pocket.

Kent Denzel, Columbia, for appellant.

Jeremiah. W. (Jay) Nixon, Atty. Gen., Alana M. Barragan–Scott, Office of the Atty. Gen., Jefferson City, for respondent.

KENNETH W. SHRUM, Judge.

Defendant Rhonda Altaffer was found guilty by a jury of the class C felony of possession of a controlled substance (methamphetamine), § 195.202,[1] and sentenced to a term of three years with the Missouri Department of Corrections. She appeals. She charges an instructional error mandates reversal. She also urges we review some of the prosecutor's closing argument remarks under the plain error standard. We affirm.

## FACTS

Defendant does not challenge the sufficiency of the evidence, which may be stated briefly. Sergeant Bob Frazee, a Springfield policeman, arrested Defendant for driving while intoxicated on February 28, 1998. During an inventory search of Defendant's car, Frazee found two syringes and a spoon inside a "book bag" which was lying on the front floor board. Frazee asked Defendant why she had the two syringes in her possession, concerned she

## DISCUSSION AND ANALYSIS

### Point I: Instructional Error

Defendant's first point maintains the trial court erred in its choice of a verdict-directing instruction. The court submitted instruction No. 5, patterned after MAI–CR3d 325.02,[2] and rejected Defendant's proffer of instruction "A." The two instructions are alike, except at the end of instruction A, Defendant added the § 562.016.3 definition of "knowingly," as follows:

"3. A person [*knew, or*] 'acts knowingly', or with knowledge,

"(1) With respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that those circumstances exist, or

"(2) With respect to a result of his conduct when he is aware that his conduct is practically certain to cause that result."[3]

1. All statute references are to RSMo 1994 unless otherwise indicated.

2. Paragraph "[f]irst" of instruction 5 required the jury to consider if Defendant "possessed methamphetamine" and paragraph "[s]econd" directed the jury to decide if Defendant "*knew* of its presence and illegal nature." (Emphasis added.) Apparently, use of the word "*knew*" in the instruction (per MAI-

CR3d 325.02) prompted Defendant to proffer an instruction that contained a statutory definition of "knowingly."

3. The instruction "A" definition of "knowingly" was identical to § 562.016.3 except for the first line which read: "A person *knew, or* acts knowingly, or with knowledge." (Emphasis added.)

■ Defendant insists that by not having the statutory definition of "knowingly" as part of instruction 5, it did "not conform to the substantive law, and *lowers the State's burden of proof by not informing the jury how it was to decide whether [Defendant's] possession of methamphetamine was knowing*."[4] (Emphasis added.)

Defendant concedes in her brief that adding a definition of "knowingly" or "knew" to a MAI–CR3d 325.02 instruction is directly contrary to the Notes on Use for that instruction.[5] Even so, Defendant insists, *inter alia*, that the cases of *State v. Anding*, 752 S.W.2d 59 (Mo.banc 1988), *State v. Carson*, 941 S.W.2d 518 (Mo.banc 1997), and *State v. Hooker*, 791 S.W.2d 934 (Mo.App.1990), support her argument that departure from MAI–CR3d 325.02 and its Notes on Use and inclusion of the statutory definition of "knowingly" are the only ways the instructions could conform with the "substantive law." We disagree.

■ First, Defendant tries to develop her argument in conclusory fashion without looking at the substantive law under § 195.202. In a § 195.202 drug possession case the state must present evidence from which a jury can find that the accused (1) consciously and intentionally possessed the substance, either actually or constructively, and (2) was aware of the presence and nature of the substance. *State v. Purlee*, 839 S.W.2d 584, 587[3] (Mo.banc 1992). Both elements, i.e., possession and knowledge, may be proved by circumstantial evidence. *Id.* With these elements in mind, we find nothing in *Anding, Carson,* and *Hooker* to support Defendant's claim that the word "knew" or "knowingly" had to be defined and made part of a MAI–CR3d 325.02 instruction.

■ The trial court in *Anding* gave a lesser-included manslaughter instruction despite the absence of supporting evidence. 752 S.W.2d at 60. The court did so because *State v. Stapleton*, 518 S.W.2d 292, 300 (Mo.banc 1975), and certain MAI–CR instructions appeared to mandate automatic submission of a manslaughter instruction any time the evidence warranted a submission of first or second degree murder. *Anding*, 752 S.W.2d at 60. The jury convicted Anding of manslaughter. On appeal, the *Anding* court declared the substantive law of Missouri required there be some evidence of manslaughter to warrant an instruction on that charge. *Id.* at 61. It reversed Anding's manslaughter conviction, holding that MAI–CR and its Notes on Use are "not binding" to the extent they conflict with the substantive law. *Id.* "Procedural rules ... cannot change the substantive law and must therefore be interpreted in the light of existing statutory and case law." *Id.* at 61[1]. As sound as this principle of law is, it does not aid Defendant. This follows because instruction No. 5 hypothesized all the elements of a § 195.202 crime and, *in addition*, there was ample competent evidence from which the jury could have found the existence of the elements of a § 195.202 crime. The presence of evidence to support the submission of instruction 5 made the teachings of *Anding* irrelevant to this case.

In *Carson*, an instruction patterned after MAI–CR3d 325.16 was given in a drug trafficking case. The instruction required that the accused "knew or *consciously disregarded a substantial and unjustifiable risk* that the mixture ... he brought into the state contained cocaine salts." 941 S.W.2d at 520. However, the *Carson* court concluded that "knowledge must be

---

**4.** Defendant does not address in the argument part of her brief her claim that the absence of a statutory definition of "knowingly" in instruction 5 "lower[ed] the State's burden of proof." By not developing this part of her point by appropriate case citations or otherwise explaining their absence, Defendant has

abandoned that argument. *See State v. Schmidt*, 865 S.W.2d 761, 763 (Mo.App.1993).

**5.** In pertinent part, Note 5 provides: "No definition of 'knowingly' should be given. The meaning of this term is adequately conveyed in the verdict director."

the mental state for trafficking[;]" consequently, the MAI–CR3d 325.16 instruction that purportedly changed the substantive law by eliminating the knowledge element was faulty. *Id.* at 523. Thus, defendant's conviction was reversed. Here, however, the MAI–CR3d 325.02 instruction is different as it includes the knowledge element; consequently, it does not purport to change the substantive law. Like *Anding*, the *Carson* case lends no support to Defendant's argument that Missouri's substantive law requires that the word "knew" be defined in MAI–CR3d 325.02.

In *Hooker*, the defendant was convicted of sodomy. At the time, an essential element of sodomy was that it involve the genitalia of one of the participants. 791 S.W.2d at 938. Because the verdict director hypothesized that defendant's hand made sexual contact with a victim's anus, the acts submitted did not constitute sodomy. *Id.* at 938[3]. Consequently, the defendant's conviction was reversed because the faulty instruction "affected substantial rights of defendant." *Id.* at 939. That is not the situation here. As with other cases cited by Defendant, *Hooker* is not authority that supports her argument.

Second, Defendant argues "knowingly" or "knew" had to be defined in MAI–3rd 325.02 because the definition of "knowingly" taken from § 562.016.3 [6] is included in MAI–CR3d 333.00, "Definitions—General Form." Defendant reasons that since the Missouri Supreme Court saw fit to include "knowingly" in MAI–CR3d 333.00, the term is one which an average person would not understand. The fallacy of this argument is at once apparent upon reading the Notes on Use for MAI–CR3d 333.00. Specifically, MAI–CR3d 333.00, Notes on Use

2(F) requires no definition be given in a situation such as Defendant's case.[7]

■■■ If an applicable MAI–CR instruction exists and using it comports with the substantive law, failure to comply with such instruction and the applicable Notes on Use is presumed prejudicial. *State v. Roe*, 6 S.W.3d 411, 415[6] (Mo.App.1999). " 'Whenever there is an MAI–CR instruction applicable under the law ..., the MAI–CR instruction is to be given to the exclusion of any other instruction.' " *State v. Ervin*, 979 S.W.2d 149, 158[13] (Mo.banc 1998) (citation omitted) *cert. denied*, 525 U.S. 1169, 119 S.Ct. 1090, 143 L.Ed.2d 91 (1999). Here, Defendant has not shown that instruction 5 changed the substantive law; consequently, the trial court did not err in giving instruction 5 and rejecting Defendant's instruction "A." Point denied.

### Point II: Plain Error in Closing Argument

■■■ Because the alleged error by the prosecutor in closing argument was not subject to contemporaneous objection and was not raised in Defendant's motion for new trial, it can be examined only under the plain error standard of Rule 30.20.[8] *State v. Bogard*, 836 S.W.2d 87, 88[1] (Mo. App.1992) (citing *State v. Roberts*, 709 S.W.2d 857, 864[6] (Mo. banc 1986)).

Defendant requests plain error review by this court, arguing that the trial court's failure to declare a mistrial, *sua sponte*, following certain comments by the prosecutor in his closing argument, resulted in a manifest injustice. Specifically, Defendant complains about the prosecutor's reference to the two syringes found in Defendant's bag as "the means by which someone would ingest a controlled substance like

6. *See* note 3.

7. MAI–CR3d 333.00, Notes on Use, Note 2(F), provides: "A definition of a term, word, or group of words shall not be given unless permitted by paragraphs A, B, C, D, or E above, even if requested by counsel or the jury."

The term "knew" or "knowingly" does not fall into any of the mentioned paragraphs.

8. Rule 30.20 provides, in pertinent part: "[P]lain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

methamphetamine." Defendant claims this is error because there was no evidence presented to the jury regarding how methamphetamine is taken into the body. Further, Defendant states since the method by which methamphetamine is used is not common knowledge, then the prosecutor cannot conclude in his closing argument the syringes were a "link" between Defendant and the methamphetamine.

Missouri appellate courts "rarely grant relief on assertions of plain error as to closing argument . . . because, in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention." *State v. Clemmons,* 753 S.W.2d 901, 907–08 (Mo. banc 1988). *See also Bogard,* 836 S.W.2d at 89. "Because trial strategy looms as an important consideration in any trial, assertions of plain error concerning matters contained in closing argument are generally denied without explication." *Id. See State v. Amrine,* 741 S.W.2d 665, 669[1] (Mo. banc 1987); *State v. Wood,* 719 S.W.2d 756, 759[5] (Mo. banc 1986). In *State v. McMillin,* 783 S.W.2d 82 (Mo. banc 1990), our supreme court refused review of closing arguments stating, " 'The plain error rule should be used sparingly and does not justify a review of every trial error that has not been properly preserved for appellate review.' " 783 S.W.2d at 98 (citations omitted).

Adhering to the foregoing, we expressly refuse to review Defendant's complaints about the prosecutor's closing argument. Defendant waived his claim of error by failure to preserve error. *Bogard,* 836 S.W.2d at 89. Perhaps Defendant's lawyer "considered the remarks inconsequential not warranting objection, or as trial strategy [counsel] set the stage for built in error." *See Wood,* 719 S.W.2d at 760. Whatever the reason, we decline to exercise our discretion to review under the plain error rule.

Judgment affirmed.

CROW, P.J., CONCURS.

PARRISH, J., CONCURS.