

# Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | No. SD33284 |
| | ) | |
| CLYDE CLEVELAND WHITE, | ) | **Filed: Mar. 31, 2015** |
| | ) | |
| Defendant-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Michael J. Cordonnier, Circuit Judge

**<u>AFFIRMED</u>**

A jury found Clyde Cleveland White ("Defendant") guilty of armed criminal action and unlawful use of a weapon.  *See* sections 571.015 and 571.030.[1]  The trial court sentenced Defendant to concurrent, 15-year terms on each count.  In two points, Defendant claims:  (1) his convictions violate his constitutional right to be free from double jeopardy; and (2) the trial court plainly erred in overruling his trial objection to a portion of the prosecutor's rebuttal closing argument.

Defendant does not challenge the sufficiency of the evidence supporting his convictions, and we mention only facts necessary to address Defendant's points.  Viewed in the light most favorable to the jury's verdicts, *State v. McAllister*, 399 S.W.3d 518, 520

---

[1] References to section 571.015 are to RSMo 2000.  References to section 571.030 are to RSMo Cum. Supp. 2013.  All rule references are to Missouri Court Rules (2014).

(Mo. App. E.D. 2013), Defendant, from inside his car, used a gun to fire a shot into another occupied motor vehicle.

## Analysis

### Point I - Double Jeopardy

Defendant first argues that convicting him of both armed criminal action and unlawful use of a weapon for the same conduct subjected him to multiple punishments for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment. Whether Defendant's right to be free from double jeopardy has been violated is a question of law we review *de novo*. ***State v. Glasgow***, 250 S.W.3d 812, 813 (Mo. App. W.D. 2008).

The other two districts of our court have already held that "double jeopardy is not violated by convictions for unlawful use of a weapon by shooting from a motor vehicle and for armed criminal action predicated on that offense." ***Brown v. State***, 343 S.W.3d 760, 761 (Mo. App. E.D. 2011) (citing ***State v. Prince***, 311 S.W.3d 327, 334-35 (Mo. App. W.D. 2010)). Defendant acknowledges that the argument rejected in *Prince* was similar to the argument he asserts here, but he makes no attempt to distinguish *Prince*. Instead, he asks this district to decline to follow *Prince* as wrongly decided because it "appears to be contrary to the intent of the legislature[.]"

We decline the invitation and follow the well-reasoned authority provided by *Prince*. Point I is denied.

### Point II - Closing Argument

Defendant next argues that the trial court plainly erred when it denied his objection to a portion of the State's rebuttal closing argument. In his closing argument to

2

the jury, Defense counsel argued that the other vehicle's occupants were angry with Defendant, and they had initiated a confrontation with him before he shot into their vehicle. On rebuttal, the State responded that, "It takes a lot of guts to blame victims of a shooting, but [defense counsel] did it." Defense counsel objected, "I think that's kind of personification." The trial court overruled the objection.

Acknowledging that his claim was not included in a motion for new trial, Defendant requests plain-error review. Under Rule 30.20, "plain errors affecting substantial rights may be considered in the discretion of the court[.]" Plain error related to closing argument "mandates reversal only if the error results in manifest injustice." *State v. White*, 247 S.W.3d 557, 563 (Mo. App. E.D. 2007). As we have previously noted,

> [i]n *State v. McMillin,* 783 S.W.2d 82 (Mo. banc 1990), our supreme court expressly refused to review claims regarding closing arguments finding, "[t]he plain error rule should be used sparingly and does not justify a review of every trial error that has not been properly preserved for appellate review." *Id.* at 98 (internal quotation and citations omitted). *See also State v. Altaffer,* 23 S.W.3d 891, 896 (Mo.App.S.D.2000) (expressly refusing to review under the plain-error rule defendant's complaints about prosecutor's closing argument because defendant failed to preserve the alleged error).
>
> . . . .
>
> "Further, when complained of remarks come in the rebuttal portion of argument by the [S]tate, the trial court may consider whether the comments were invited. The [S]tate may go further by way of retaliation in answering the argument of the defendant than would be normally allowed." *State v. Pratt,* 858 S.W.2d 291, 292 (Mo.App.E.D.1993) (internal citation omitted). *See also State v. Sanchez,* 186 S.W.3d 260, 265 (Mo. banc 2006) (holding the State "has considerable leeway to make retaliatory arguments at closing[,]" and it "may retaliate to an issue raised by the defense even if the [State's] comment would be improper.").

*State v. Williams*, 405 S.W.3d 592, 600-01 (Mo. App. S.D. 2013).

Our review of the record on appeal fails to convince us that we should exercise our discretion to review this claim for plain error. Defendant's second point is also denied, and the judgment of conviction and sentence is affirmed.

DON E. BURRELL, J. - OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. - CONCURS

GARY W. LYNCH, J. - CONCURS