**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Ramey Lee MILLS,
Defendant-Appellant.**

**No. 51144.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 23, 1986.

Motion for Rehearing and/or Transfer
Denied Jan. 22, 1987.

Mary E. Dockery, Asst. Public Defender, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Judge.

Defendant, Ramey Lee Mills, was convicted, after a jury trial, of sexual abuse in the first degree, § 566.100 RSMo (1978), and sentenced as a persistent offender to imprisonment for five years. We affirm.

Defendant does not challenge the sufficiency of the evidence. Viewed in the light most favorable to the verdict, the evidence showed that, on June 6, 1985, defendant was babysitting for R.D.S., the four year old son of his girlfriend, T.S. R.D.S. would not testify at trial. His mother, T.S., testified out of the hearing of the jury. She stated that, the morning after R.D.S. had stayed with defendant, she noticed that her son's underwear was on inside out. She questioned R.D.S., who told her that the defendant had inserted his finger into the boy's anus while helping him in the bathroom.

Defendant gave the police a written statement, but refused to tape-record that same statement. He confessed that, when he "wiped" the boy off, he "kept [his] finger in him too long." He also stated that he had "a problem around little boys."

■ Defendant first contends that the trial court erred by admitting into evidence the testimony of T.S. regarding R.D.S.'s statements to her about defendant's sexual misconduct. He argues that the State violated § 491.075, RSMo (Supp.1985)[1] by untimely disclosure of the boy's statement.[2]

The pertinent facts are that defense counsel filed a motion for discovery. In return, he received the police reports of the incident. The reports indicated that the victim had made a statement to the police. No mention was made of any statement by the victim to his mother. On the day before trial, the prosecutor informed defense counsel that, because of R.D.S.'s refusal to talk about the incident, the State intended to introduce the child's statement to his mother in accordance with § 491.075. Over objection, his mother's testimony regarding R.D.S.'s statement was introduced, out of the hearing of the jury, to corroborate defendant's confession pursuant to § 491.075.2.

Section 491.075.3 provides for discovery and notice but does not provide for sanctions within its statutory language. We therefore turn to Rule 25 relating to discovery in criminal cases. Specifically, Rule 25.16 is applicable when a party to an action fails to comply with the discovery rules. The issue here is whether the trial court erred in failing to impose the severe sanction for violation of the discovery rules by excluding the evidence in accordance with Rule 25.16.

The trial judge has wide discretion in determining what sanction, if any, to impose. *State v. Neverls,* 702 S.W.2d 901, 903 (Mo.App.1985). The question is whether the late disclosure of the evidence resulted in a fundamental unfairness or prejudice to the defendant. *Id.* Fundamental unfairness is gauged by whether the evidence or discovery thereof would have affected the outcome of the trial. *Id.*

In the instant case, defense counsel knew that the victim, a small child, had made a statement to the police. The police report stated that the police had made contact with R.D.S. who said that defendant had placed his finger in his anus. This police report was given to defense counsel well before trial. Defense counsel should hardly have been surprised that the child had also told his mother about the incident. Further, the statement was used solely for

---

1. 491.075. *Statement of child under twelve admissible, when:*

    1. A statement made by a child under the age of twelve relating to an offense under chapter 565, 566 or 568, RSMo, performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:

    (1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

    (2) The child either:

    (a) Testifies at the proceedings; or

    (b) Is unavailable as a witness.

    2. Notwithstanding subsection 1 of this section or any provision of law or rule of evidence requiring corroboration of statements, admissions or confessions of the defendant, and notwithstanding any prohibition of hearsay evidence, a statement by a child when under the age of twelve who is alleged to be a victim of an offense under chapter 565, 566 or 568, RSMo, is sufficient corroboration of a statement, admission or confession regardless of whether or not the child is available to testify regarding the offense.

    3. A statement may not be admitted under this section unless the prosecuting attorney makes known to the accused or his counsel his intention to offer the statement and the particulars of the statement sufficiently in advance of the proceedings to provide the accused or his counsel with a fair opportunity to prepare to meet the statement.

    4. Nothing in this section shall be construed to limit the admissibility of statements, admissions or confessions otherwise admissible by law.

2. We note that defendant does not challenge the validity of the statute. We therefore assume, without deciding, its substantive and procedural correctness.

the purpose of corroborating defendant's confession pursuant to the statute.

Defense counsel's only requested sanction was exclusion of R.D.S.'s statement. He did not request less drastic relief, such as a continuance. Obviously, his trial strategy was to try to have the statement excluded rather than to seek further discovery. We find no fundamental unfairness and, therefore, no abuse of the trial court's discretion in overruling defendant's objection. Defendant's first point is denied.

Defendant's second point alleges error in the trial court's overruling defendant's objection to the admission of his oral and written statements. He contends that his statement was involuntary because it was secured as a result of police promises to secure psychiatric counseling for him.

When a challenge to the voluntariness of a confession is raised, the test is "whether under the totality of the circumstances defendant was deprived of a free choice to admit, to deny, or to refuse to answer, and whether physical or psychological coercion was of such a degree that defendant's will was overborne at the time he confessed." *State v. Lytle*, 715 S.W.2d 910, 915 (Mo: banc 1986). Here, the police officer told defendant that he would convey to the prosecuting attorney defendant's request for counseling. That assurance was not so coercive as to render defendant's subsequent confession involuntary. Moreover, "[t]he fact that defendant became upset, [and] nervous, ... during interrogation is not a significant factor affecting the admissibility of his statement. Rather, these reactions are the normal reactions of an accused when confronted with his crime." *State v. Hornbeck*, 702 S.W.2d 90, 92 (Mo. App.1985). There was no error in the admission of defendant's inculpatory statements at trial. Defendant's second point is denied.

Defendant's third claim of error relates to the trial court's failure to suppress his statement that he "had a problem when he was around little boys." Defendant filed a pre-trial motion to suppress, which was denied. He then made a continuing objection to the admission into evidence of his statement. At trial and on appeal, defendant posits that the statement constituted evidence of other offenses.

Evidence of other crimes is admissible to establish motive, intent, or the absence of mistake or accident. *State v. Trimble*, 638 S.W.2d 726, 732 (Mo. banc 1982), *cert. denied*, 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1031 (1983). Here, defendant confessed that he had "kept [his] finger in [R.D.S.] too long." Given this confession, the additional statement that he had trouble when he was around little boys was properly admitted as relevant to establish that defendant's actions were not the result of an accident or mistake, but were deliberate and intended as sexual contact. Defendant's third point is denied.

Defendant's final allegation of error is two-pronged. He charges error in the trial court's failure to grant a mistrial when the detective testified that defendant declined to tape-record his written statement and when the prosecutor commented in closing argument about his refusal to do so. We have reviewed the record and find no abuse of the trial court's discretion. No jurisprudential purpose would be served by a written opinion on that point. It is therefore denied pursuant to Rule 30.25(b). Defendant's fourth point is denied.

The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.