In the Interest of R.D., A.D.,
and F.D., Respondents,

v.

J.D. and L.D., Natural Parents,
Appellants.

No. WD 45545.

Missouri Court of Appeals,
Western District.

Dec. 8, 1992.

James L. McMullin, Kansas City, for appellants.

Dale Nathan Godfrey, Kansas City, for respondents.

Susan Block, Kansas City, for Juvenile Officer.

Before KENNEDY, P.J., and SPINDEN and SMART, JJ.

KENNEDY, Presiding Judge.

Parents J.D. and L.D. appeal an order of the Juvenile Court of Jackson County overruling their motion for rehearing on the court's order denying them visitation rights with three of their children, A.D., F.D., and R.D. We affirm the order of the juvenile court.

While the procedural history of this case is somewhat complex, a brief summary of the action taken in the juvenile court is necessary. On April 25, 1990, the juvenile officer of Jackson County filed petitions alleging that A.D., F.D., and R.D. were without proper care and support pursuant to section 211.031.1, RSMo 1986. The petition alleged that a four year old niece of J.D. and L.D. died of injuries consistent with abuse while in the care of J.D. and L.D. at their home. On September 26, 1990, the juvenile court entered an order sustaining the petition. On April 19, 1991, the court committed the children to the custody of the Department of Family Services and proscribed any contact between the natural parents and the three children. The parents filed a motion for rehearing on October 21, 1991, and the court overruling the motion on October 28, 1991. A notice of appeal to this court was filed on November 27, 1991.

The order of the juvenile court was final and appealable. Section 211.029, RSMo Supp.1991. However, there continues to be activity in the juvenile court in this matter. On September 30, 1992, the cases came up for review pursuant to the order of September 30, 1991. The parents made an oral motion for visitation at this hearing. The court ruled that the orders of disposition were to remain in effect for F.D. and A.D. The order regarding R.D. was terminated and he was placed in the custody of a couple under the supervision of the Department of Family Services. The court further ordered that the cases would next come up for review on April 7, 1993. The

court set a hearing date on the motion for visitation for January 22, 1993. This court has supplemented the record on appeal pursuant to V.A.M.R. 81.12(e) with copies of the orders made by the juvenile court after this appeal was filed. We are aware that the juvenile court may at a later date reverse itself and allow visitation.

■ The standard of review for decisions of the juvenile court is the same standard as that for court tried civil cases. *C.R.K. v. H.J.K.*, 672 S.W.2d 696 (Mo.App.1984). We will only reverse the order if there is no substantial evidence to support it or it erroneously declares or applies the law. *See Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We review the facts and all reasonable inferences therefrom in the light most favorable to the trial court's order. *In the Interest of M.E.W.*, 729 S.W.2d 194 (Mo. banc 1987).

■ Expert testimony at the hearing showed that the three children are learning to deal with difficult situations they encountered in the home. They are unwilling and afraid to talk about the death of their four year old relative, saying they were warned not to. The parents, however, deny that there had been any problems at home. At the hearing the mother indicated that she felt that she had not been too strict with the children, and that all she did was "holler" a lot. When asked about the indications of abuse the children were exhibiting, the father implied that fault rested with the Department of Family Services. The mother and father gave absolutely no indication that they have begun to deal with the myriad problems that caused their family to become separated. Several therapists testified that, in their opinion, it would be wise to continue to proscribe contact between the parents and the children until all parties had reached a point where they were able to address the issues that would need to be addressed before this family could try to become one again.

The evidence supported the finding of the juvenile court that it was in the best interest of the children that direct contact between the children and their parents be proscribed, and the order of the trial court denying the motion for rehearing is affirmed.

All concur.