**STATE of Missouri, Respondent,**

v.

**Floyd E. WIDEMAN, Appellant.**

**Nos. WD 50830, WD 52755.**

Missouri Court of Appeals,
Western District.

Feb. 25, 1997.

A. Renae Adamson, Assistant Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Blegen, Asst. Atty. Gen., Jefferson City, for Respondent.

Before ULRICH, C.J., P.J., and BERREY and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Appellant, Floyd E. Wideman, was convicted in a judge-tried case of two counts of sodomy,[1] § 566.060 RSMo

---

1. Count I states in pertinent part: "the defendant had deviate sexual intercourse with S.M .... by touching her vagina with his hand." Count II states in pertinent part: "the defendant had devi-

Supp.1993.[2] He was sentenced to two consecutive fifteen-year terms of imprisonment. He appeals his convictions and sentences and the denial of his Rule 29.15 motion. His appeals have been consolidated pursuant to Rule 29.15(*l*).

In his direct appeal, appellant alleges in Point I that the trial court erred in overruling his motion for acquittal, because in Count II, the State did not charge or establish conduct constituting the crime of sodomy under § 566.060 RSMo Supp.1993. Appellant also alleges in his direct appeal in Point II that the trial court erred in admitting hearsay and double hearsay statements made by the victim, because the State did not show the speakers to be unavailable to testify at trial as required by § 491.075. In appealing the denial of his Rule 29.15 motion after an evidentiary hearing, appellant alleges in Point III that the motion court erred in failing to make findings of fact and conclusions of law as to his *pro se* motion, as required by former Rule 29.15(i), and that we should remand for the motion court to make such findings of fact and conclusions of law.

We reverse in part and reverse and remand in part.

### Facts

On the morning of March 17, 1994, the appellant, Floyd Wideman, accompanied his ex-wife to the house of his former mother-in-law, V.M., to help prepare for a yard sale. Appellant remained in the house with his son and V.M.'s youngest daughter, S.M., age 3, for a period of time. Appellant later admitted upon police interrogation that during that time, he removed S.M.'s diaper and touched her vaginal and anal areas with the middle finger of his right hand. The next morning, S.M. told her mother that a man had touched her "bottom", and that it had hurt a lot. V.M. took S.M. to the police station, where S.M. was interviewed by a detective. S.M. again indicated that a man had injured her vaginal area the day before, and a SAFE examination confirmed that S.M. had either been sexually molested or abused. Later that day, appellant was arrested at V.M.'s

home. He was advised of his rights and the allegations against him. After initially denying that he had touched S.M., he made oral and written statements confessing that he had done so.

Appellant was charged with two counts of sodomy under § 566.060 RSMo Supp.1993. At trial, the court allowed a police detective, V.M. and the SAFE examiner to testify as to hearsay statements made by S.M. under the unavailable witness provision of § 491.075. The court also allowed a police detective to make a double hearsay statement, originally made by S.M. to her father. Neither S.M. nor her father testified at trial, and neither were shown to be unavailable. Appellant denied that he had touched S.M. and claimed that his confession had been coerced.

The court found appellant guilty of the two counts of sodomy and sentenced him to two concurrent fifteen-year terms of imprisonment on March 20, 1995. Appellant timely filed a *pro se* Rule 29.15 motion for postconviction relief and filed an amended motion through appointed counsel on November 16, 1995. After an evidentiary hearing, the motion court issued findings of fact and conclusions of law on April 10, 1996, denying appellant's motion for postconviction relief. Appellant now appeals his convictions and sentences and the denial of his motion for postconviction relief.

### Direct Appeal

#### I.

■ In his first point, appellant claims that his conviction as to Count II should be reversed because neither the charge nor the evidence the State presented constituted sodomy as defined by the statute. Count II alleged that appellant committed the crime of sodomy by touching S.M.'s anus with his hand, and the State produced evidence to this effect. However, appellant cites us to several Missouri cases clearly holding that under § 566.010 RSMo Supp.1993, this act

---

ate sexual intercourse with S.M .... by touching her anus with his hand."

2. All statutory references are to RSMo 1994, unless otherwise noted.

does not constitute the crime of sodomy.[3] *State v. Euer,* 910 S.W.2d 352, 355 (Mo.App. 1995); *State v. Hooker,* 791 S.W.2d 934, 938 (Mo.App.1990) (stating that deviate sexual intercourse under § 566.010.1(2) is defined as " 'any sexual act involving the *genitals of one person* and the mouth, tongue, hand or *anus of another person* ' ") (emphasis added).

The State concedes the trial court's error in finding appellant guilty of sodomy as charged in Count II and joins appellant in requesting that we reverse the conviction. We will oblige the State's request. Thus, we reverse appellant's conviction of sodomy under Count II.

## II.

■ In Point II, appellant alleges that the trial court erred in admitting hearsay testimony offered by the State pursuant to § 491.075, because the State failed to show that: 1) S.M. was a witness who was unavailable to testify at trial; and 2) double hearsay statements originally made by S.M. possessed sufficient indicia of reliability to be admissible under the hearsay exception. Appellant claims that because the trial court considered improperly admitted hearsay, we must reverse outright his conviction under Count I based upon insufficiency of the evidence, or, in the alternative, reverse and remand for a new trial.

The State concedes that the trial court erred in admitting S.M.'s hearsay and double hearsay statements under § 491.075.[4] Although the State stipulated that S.M. was physically available to testify at trial, she was never called to testify. Instead, the prosecutor determined that her testimony should be introduced through a number of witnesses, based on the general unavailability provision

found in § 491.075.1(2)(b). However, as the State now acknowledges, the use of § 491.075.1(2)(b) is restricted to circumstances in which a child witness is either physically unavailable to testify at trial, or is deemed unavailable due to lack of responsiveness on the witness stand. *See, e.g., State v. Walker,* 903 S.W.2d 636, 638 (Mo. App.1995). Section 491.075.1(2)(c) allows for the admission of hearsay when the court finds that testifying would cause an otherwise available child witness emotional or psychological trauma. This provision is also precluded in the case before us, because although the trial court did make a finding of witness unavailability, the record does not support the court's determination. Thus, both parties are correct in concluding that the trial court erred in ruling that S.M.'s statements to others were admissible pursuant to § 491.075, whether they be hearsay or double hearsay statements.

■ The issue then for us to decide is whether to reverse the appellant's conviction for sodomy as to Count I and discharge him, or reverse the conviction and remand for a new trial on this charge. Appellant claims that the proper remedy here is a reversal of the conviction, because without the improperly admitted hearsay evidence, the State did not present sufficient evidence to support his conviction.

In support of this claim, appellant cites *Hooker,* 791 S.W.2d at 935, which holds that a defendant's extrajudicial statements, absent independent proof to show the corpus delicti, are inadmissible and insufficient to sustain a conviction. Here, the State's evidence consisted of the inadmissible hearsay statements made by S.M. and appellant's

---

**3.** We note that as of January 1, 1995, the amended version of § 566.060 included such an act in its definition of sodomy.

**4.** Section 491.075 states, in pertinent part:

1. A statement made by a child under the age of twelve relating to an offense under chapter 565, 566 or 568, RSMo, performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:

(1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and (2)(a) The child testifies at the proceedings; or (b) The child is unavailable as a witness; or (c) The child is otherwise physically available as a witness but the court finds that the significant emotional or psychological trauma which would result from testifying in the personal presence of the defendant makes the child unavailable as a witness at the time of the criminal proceeding.

out-of-court confession, which he claims is insufficient to sustain a conviction in the absence of other proof. However, a distinction is drawn between cases of trial error, as is the case when evidence is improperly received by the trial court, and cases where the conviction is reversed solely for lack of sufficiency of the evidence. "Missouri courts have steadfastly held to the theory that double jeopardy applies only when appellate reversal is based on insufficient evidence." *State v. Scott,* 699 S.W.2d 760, 762 (Mo.App. 1985).

In *Lockhart v. Nelson,* 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988), the U.S. Supreme Court addressed a factual situation similar to that in question in a case where the reviewing court reversed a criminal conviction after determining that evidence against the defendant had been improperly admitted. There, the Court held that although the remaining evidence was legally insufficient to sustain a claim, the case should still be remanded for retrial.

> "[I]n cases such as [these], where the evidence offered by the State and admitted by the trial court—whether erroneously or not—would have been sufficient to sustain a guilty verdict, the Double Jeopardy Clause does not preclude retrial."

*Id.* at 34, 109 S.Ct. at 287.

Because our reversal of appellant's conviction is based on the trial court's erroneous admission of hearsay, the reversal is one for trial error, rather than for insufficiency of the evidence. As such, " '. . . it implies nothing with respect to the guilt or innocence of the defendant,' " *State v. Wood,* 596 S.W.2d 394, 398 (Mo. banc 1980), *cert. denied,* 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980), quoting *Burks v. U.S.,* 437 U.S. 1, 15, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978), and retrial should not be precluded. Further, the fact that the State's remaining evidence is insufficient to sustain a conviction is immaterial, as we must only determine whether all of the evidence together would have been sufficient to sustain a guilty verdict. We find that because the State's evidence in its entirety would have been sufficient to sustain appellant's conviction as to Count I, we will reverse and remand for a new trial.

### III. Rule 29.15 Appeal

In his final point, appellant claims that the motion court erred in denying his Rule 29.15 motion after an evidentiary hearing because it neglected to make findings of fact and conclusions of law as required by the former Rule 29.15(i) with respect to his *pro se* motion. In light of our dispositions as to appellant's Points I and II on direct appeal, we need not address his appeal as to the denial of his Rule 29.15 motion.

### Conclusion

The judgment of conviction and sentence with respect to Count II is reversed. The judgment of conviction and sentence with respect to Count I is reversed and remanded for further proceedings consistent with this opinion.

All concur.