**In the Interest of David KIERST, Juvenile Officer, Respondent,**

v.

**D.D.H., et al., Appellant.**

**No. WD 53827.**

Missouri Court of Appeals, Western District.

March 31, 1998.

Tricia Richter, Asst. Public Defender, Kansas City, for appellant.

Robert M. Schieber, Kansas City, for Respondent.

David W. Bushek, Freilich, Leitner & Carlisle, Kansas City, Guardian ad Litem, Intervenor–Appellant.

Before SPINDEN, P.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

LAURA DENVIR STITH, Judge.

D.D.H. and the guardian ad litem appeal the court's judgment sustaining allegations that D.D.H., a juvenile, committed statutory sodomy upon a person less than fourteen years old, an act for which he would be criminally responsible under Section 566.062 RSMo 1994,[1] if he had been tried as an adult. We reject the guardian ad litem's claim that the court erred in admitting the child-victim's out-of-court statements because the juvenile officer failed to follow the notice provisions required by Section 491.075.3, for neither the juvenile's attorney nor the guardian ad litem objected to these statements' admission on

this basis. We also reject the guardian ad litem's claim that the court erred in failing to make a specific finding, at a separate hearing, that the time, content and circumstances of the child's hearsay statements were sufficiently reliable for admission under Section 491.075. Although a specific finding is preferred, the court's finding was implicit in its rulings and supported by the record.

We agree with the guardian ad litem and D.D.H. that the trial court erred in finding the child-victim unavailable under Section 491.075.1(2)(c) and in admitting his hearsay statements without the benefit of any evidence supporting a finding that the child would experience "significant emotional or psychological trauma ... result[ing] from testifying in the personal presence of the defendant." Because this was the only evidence supporting the judgment, we reverse. We remand for a new hearing before the court at which it will determine whether the Section 491.075.1(2)(c) standard was met. If not, a new trial is required.

## I. FACTUAL AND PROCEDURAL HISTORY

Following the death of his mother and a brief placement at the Family Attention Center, the Division of Family Services (DFS) placed D.D.H., a fifteen year old boy, in the custody of his brother, A.H., on June 4, 1996. D.D.H. claims that his brother kicked him out of his house in August, 1996. He subsequently stayed with Ms. Edora Odor and T.J., her young son. D.D.H. babysat for T.J. and two other children at Ms. Odor's home on August 26 or 27, 1996.

On August 30, 1996, T.J.'s grandfather, Robert Holopter, overheard T.J. saying that two boys had made him perform oral sex on them. Mr. Hollopter confronted T.J., who at first cried and acted "a little hysterical." After he calmed down, T.J. told his grandfather that D.D.H. and another person had made him perform oral sex on them. T.J. told his grandfather that "they told him they'd beat him up if he didn't." Mr. Holopter testified that he did not know of any

---

1. Unless otherwise indicated, all statutory references are to RSMo 1994.

reason his grandson would make up such a story. Mr. Hollopter called his wife, and Mrs. Hollopter called her daughter, Ms. Odor. Ms. Odor called the police and told her father to bring T.J. home to talk to them.

Officer James Buck questioned T.J. outside while Mr. Hollopter and Ms. Odor were present in the front yard. T.J. repeated the same story, and gave the officer a description of the two boys. T.J. was a little excited or upset, and seemed afraid to talk about the incident, but his account of what had occurred was detailed and consistent. T.J. also told the officer that, at the time of the incident, he was afraid he would be beaten up if he did not do as they told him. The officer escorted T.J. and his mother to the hospital for an examination.

On August 31, 1996, the attorney for the juvenile officer filed a Fifth Amended Petition which incorporated by reference the Kansas City Missouri police report. This provided D.D.H. with the information gathered in the course of the police investigation. On September 3, 1996, a Sixth Amended Petition was filed, and on October 8, 1996, D.D.H. was brought before the Family Court on this six-count petition.

The only count at issue on this appeal is Count VI.[2] It alleged:

[o]n or about August 30, 1996, in Jackson County, Missouri, the juvenile by the juvenile's own conduct and by the conduct of another, for which the juvenile would be criminally responsible if tried as an adult, had deviate sexual intercourse with [T.J.], born 08–31–90, a person less than fourteen years old, in violation of Section 566.062, RSMo (Statutory Sodomy, First Degree—Class B Felony).

The trial was to begin on October 8, 1996. On the preceding morning, the attorney for the juvenile officer filed and hand-delivered a written motion for a hearing pursuant to Section 491.075 concerning whether the child victim's out-of-court statements to others about the incident would be admissible under that provision. Section 491.075 states in relevant part that:

**Statement of child under twelve admissible, when.—1.** A statement made by a child under the age of twelve relating to an offense under chapter 565, 566 or 568, RSMo, performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:

(1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

. . . .

[2](c) The child is otherwise physically available as a witness but *the court finds that the significant emotional or psychological trauma which would result from testifying in the personal presence of the defendant makes the child unavailable* as a witness at the time of the criminal proceeding.

(emphasis added).

The judge took up the Section 491.075 issue when court convened the following morning, October 8th, 1996. No party objected at that time that inadequate notice had been given of the juvenile officer's intention to seek to introduce the victim's out-of-court statements under Section 491.075, and no party requested a continuance or alleged prejudice due to the late notice.

Without hearing any evidence, the court ruled that:

**2.** The parties stipulated to Counts I (without proper care, custody and support) and III (juvenile's behavior injurious to his welfare—left his brother's home) of the Petition, and the juvenile officer dismissed Counts II (stealing a 9mm ruger handgun) and V (behavior injurious to his welfare—left his brother's home and failed to appear at court hearing). The juvenile admitted to Count IV (tampering in the first degree, a class C felony). The juvenile was sworn and testified to his understanding that he was waiving his rights as to Count IV, and to the facts underlying that count.

[B]ased upon his observation of the alleged child victim, who is age six years, [the court] find[s] the child, due to his tender years, unavailable for purposes of submitting to testimony and interrogation in this cause; and therefore, will allow use of out-of-court statements and declarations regarding the alleged incident in Count VI of the sixth amended petition to the extent that the other factors with respect to validity of said statements can be established.

Counsel for the juvenile objected that this finding that the child was of tender years was not adequate to support a determination that the child was unavailable as a witness, stating:

I think there would need to be a finding that the juvenile—I'm sorry—that the alleged child victim was unavailable other than with respect to his age. I think there would have to be a finding that there was some type of concern that the child would, in some way, be affected by testifying. I think it violates my client's [Sixth] Amendment right to confront witnesses and accusers.

The court responded by clarifying that it based its determination of unavailability not just on the child's age, but also on its observation of the child in court, stating:

The Court did so find with respect to— certainly age relates to tender years, *but also the Court's observation of the child as he appears before the Court on this date, coupled with his age, render him unavailable.* And the Court will so rule. The objection will be noted for the record.

(emphasis added).

The court and parties then discussed when the court would determine whether each out-of-court statement was sufficiently reliable to be admissible under Section 491.075. The court decided that, since it was a court-tried case, there was no need to hold a separate hearing on reliability. Instead, the court informed the parties that it would decide the reliability of each out-of-court statement as it was offered.

The juvenile officer then proceeded with its case. The first witness was the victim's mother, Ms. Odor. On cross-examination, counsel for the juvenile established that the witness's knowledge of the incident was based on what her mother had told her D.D.H. had said and, thus, constituted "compounded hearsay" and asked that any further testimony by that witness be disallowed. The court sustained this objection. Counsel did not request that her prior testimony be stricken, however, and it is unclear whether the court considered it except on the issue that the juvenile had been babysitting for the victim.

The victim's grandfather, Mr. Hollopter, was next called to testify. Although multiple objections were made during his testimony, they were overruled and no separate point is made on appeal that the rulings on these objections were erroneous. Finally, the juvenile officer called Officer Buck to testify about his interview with the victim at the time the incident was reported to him. This testimony was received without objection. The judge never made a specific finding on the reliability of any of this testimony, nor was he asked to do so.

The judge found that "sufficient facts have been adduced to sustain the allegations made and contained in Count VI beyond a reasonable doubt." Following a dispositional hearing, he ordered D.D.H. to remain in the custody of DFS with placement in residential care, with a goal of reunification with his brother.

## II. STANDARD OF REVIEW

"We review juvenile proceedings under the same standard as that applied in court-tried civil cases: we affirm the judgment unless no substantial evidence supports it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law." *T.L.C. v. T.L.C.*, 950 S.W.2d 293, 295 (Mo.App.1997), citing *Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. bank 1976); R.D. v. J.D.*, 842 S.W.2d 560, 561 (Mo.App.1992); *C.R.K. v. H.J.K.*, 672 S.W.2d 696, 698 (Mo.App.1984). We will view "the

evidence and all reasonable inferences drawn therefrom in the light most favorable to the judgment and disregard all contrary inferences." *T.L.C.*, 950 S.W.2d at 295, citing *R.D.*, 842 S.W.2d at 561.

## III. FAILURE TO GIVE ADEQUATE NOTICE OF RELIANCE ON SECTION 491.075

The guardian ad litem asserts that the trial court erred in admitting testimony as to the victim's out-of-court statements because the attorney for the juvenile officer did not follow the notice provisions required by Section 491.075.3,[3] and that this deprived both the guardian ad litem and the juvenile's attorney of a "fair opportunity to prepare to meet the statement." The guardian ad litem argues that the trial court should, therefore, have excluded these out-of-court statements as a sanction for failure to comply with the notice requirements of the statute.

We disagree. Neither the guardian ad litem nor the juvenile's attorney objected to the admission of this evidence based on a failure to comply with the notice provisions, nor did either move for a continuance in order to be given a "fair opportunity to prepare to meet the statement." Thus, the trial court was given no opportunity to rule on this issue, and it is not preserved for our review.

■ Moreover, we decline to hold that the trial court's failure to *sua sponte* exclude the statements due to lack of notice was plain error. *State v. Mills*, 723 S.W.2d 68 (Mo. App.1986) is on point. There, as here, the state gave little notice of its intent to rely on out-of-court statements of the victim. Unlike here, however, defense counsel in *Mills* objected to the lack of proper notice. The court found that the existence of the statements was not a surprise, and overruled the objection. On appeal, *Mills* held that the

trial court did not err in admitting the out-of-court statements, stating:

Defense counsel's only requested sanction was exclusion of R.D.S.'s statements. He did not request less drastic relief, such as a continuance. We find no fundamental unfairness and, therefore, no abuse of the trial court's discretion in overruling defendant's objection.

*Id.* at 70. *Accord, State v. Potter,* 747 S.W.2d 300, 304 (Mo.App.1988) (holding that where the state did not inform the defense of its intent to use the victim's hearsay statements to four witnesses until the morning of trial, but defendant failed to request less drastic sanctions, such as a continuance, and where it could not claim surprise, he had failed to demonstrate prejudice from admission of statements).

Here, as in *Mills* and *Potter,* there is no allegation of surprise at the existence of the statements. In fact, D.D.H. had received a copy of the police report which indicated to whom the child had spoken. Therefore, relief other than exclusion of the out-of-court statements would have been sufficient even if a proper objection had been raised. Here, there was neither an objection nor a request for a continuance or some other form of relief. No basis for relief on appeal is shown.

## IV. LACK OF SPECIFIC FINDING THAT TIME, CONTENT AND CIRCUMSTANCES OF OUT–OF–COURT STATEMENTS POSSESSED SUFFICIENT INDICIA OF RELIABILITY NOT ERROR

The guardian ad litem also argues that the trial court erred in not making a specific finding that the time, content, and circumstances of the child-victim's hearsay statements were sufficiently reliable for admission under Section 471.075.

After the court ruled that out-of-court statements would be admitted under the una-

---

3. **Section 491.075.3** states:
   A statement may not be admitted under this section unless the prosecuting attorney makes known to the accused or his counsel his intention to offer the statement and the particulars

of the statement sufficiently in advance of the proceedings to provide the accused or his counsel with a fair opportunity to prepare to meet the statement.

vailability provisions of Section 491.075 if they otherwise met the reliability requirements for admission, counsel for the juvenile asked whether the court would then be holding a separate hearing under Section 491.075 to determine the reliability of the victim's out-of-court statements, stating:

> Are we proceeding on the motion for the hearing to determine reliability first, and then we'll proceed to the elements of the case? Or are we going to have the hearing and then—I'm just trying to figure out procedurally how we're approaching this testimony.

The court determined not to hold a separate hearing, stating, "Logistically, given we do have a premium as to time, I was going to take the issue of reliability as it arose." Counsel simply responded "okay." The juvenile's counsel then objected on the grounds of a lack reliability during the testimony of Eudora Odor and Robert Hollopter. The court found portions of Ms. Odor's testimony inadmissible as double hearsay. It overruled objections to certain portions of Mr. Hollopter's testimony as unreliable or as double hearsay. The testimony of Officer James Buck was introduced without objection.

■ The guardian ad litem does not appeal the court's specific admissibility and reliability rulings. He does argue, however, that the court erred in failing to hold a separate reliability hearing. We think that any such error was waived when the guardian remained silent when the court said that he would rule on reliability during trial rather than at a separate hearing, and when the counsel for the juvenile said simply "okay." Moreover, as noted earlier, where, as here, the case is tried to the court, a formal hearing on the child's reliability under this provision is not required. *See, e.g., State v. Clay,* 909 S.W.2d 711, 716 (Mo.App.1995) (where defendant waived his right to a jury trial and opted for a bench trial, Section 491.074 does not require the court to hold a separate hearing to establish reliability so long as it determines it during trial); *State v. Murray,* 838 S.W.2d 83, 86 (Mo.App.1992) (Section

491.075 did not require a separate hearing to determine the reliability of the statements where the "appellant waived a jury trial").

■ To the extent that the guardian argues that the court did not make specific rulings on reliability, we cite him to *State v. Fraction,* 782 S.W.2d 764 (Mo.App.1989). That case held that although it would have been preferable for the trial court to have made a specific finding of reliability after the hearing it held, the admission of hearsay was not error since "such a finding is implicit in the overruling of defendant's objection and in permitting the witnesses to testify before the jury." *Id.* at 767. The same reasoning applies here. The court's reliability ruling was implicit in its admission of and reliance on the testimony.

■ We also note that this finding was supported by the record. Factors which a court should consider when determining the reliability of a hearsay statement include spontaneity and consistent repetition, the mental state of the declarant, the lack of a motive to fabricate, and the use of terminology unexpected of a child of similar age. *State v. Redman,* 916 S.W.2d 787, 791(Mo. banc 1996), *citing, Idaho v. Wright,* 497 U.S. 805, 821, 110 S.Ct. 3139, 3149–50, 111 L.Ed.2d 638 (1990).

Here, Mr. Hollopter testified that T.J. was crying and acting "a little hysterical." Officer Buck testified that T.J. was excited or upset and seemed afraid to talk about the incident. This was evidence that the child's mental state, when telling about this incident, was consistent with what would be expected of a child-victim. What the child told Mr. Hollopter and the officer was consistent in both the act, and the circumstances; he told both men that he was told he would be beaten up if he did not perform as requested, that there were two perpetrators, who the perpetrators were, when and where it happened, and what specifically had occurred. Officer Buck also testified that the child's account was detailed and consistent. Thus, the court had before it evidence of the consis-

tency of the statements made by the child. There was no evidence presented that T.J. had any motive to make this story up, and Mr. Hollopter testified that he knew of no reason for his grandson to make this up. There was also testimony that the terminology the child used in describing this incident was of a type which supported a finding of reliability of these statements.

█ For these reasons, the court's implicit finding of reliability of these hearsay statements was not error.[4]

## V. ADMISSION OF THE VICTIM'S OUT–OF–COURT STATEMENTS WAS REVERSIBLE ERROR IN THE ABSENCE OF EVIDENCE THAT SIGNIFICANT EMOTIONAL OR PSYCHOLOGICAL TRAUMA WOULD RESULT FROM TESTIFYING IN THE PERSONAL PRESENCE OF THE JUVENILE

D.D.H. and the guardian ad litem also argue that the trial court erred in admitting the child-victim's out-of-court statements in the absence of evidence to support a finding that the child was unavailable under Section 491.075.1(2)(c).

Section 491.075.1 states that an out-of-court statement of the child victim is admissible only if the court finds the statement has sufficient indicia of reliability **and:**

(2)(a) The child testifies at the proceedings; or

(b) The child is unavailable as a witness; or

(c) *The child is otherwise physically available as a witness but the court finds that the significant emotional or psychological trauma which would result from testifying in the personal presence of the defendant makes the child*

*unavailable as a witness at the time of the criminal proceeding.*

(emphasis added).

Here, it is uncontested that D.D.H. did not testify in the proceeding. It is also uncontested that he was available, and present in the courtroom, at the time the court ruled. The only exception which the juvenile officer relies on is that set out in Section 491.075.1(2)(c), recognizing a child to be legally unavailable if the court finds that "significant emotional or psychological trauma" would result if the child were required to testify in the personal presence of the defendant. As noted, the court found T.J. was unavailable under this exception, stating:

> [B]ased upon his observation of the alleged child victim, who is age six years, [the court] find[s] the child, due to his tender years, unavailable for purposes of submitting to testimony and interrogation in this cause; and therefore, will allow use of out-of-court statements and declarations regarding the alleged incident in Count VI of the sixth amended petition to the extent that the other factors with respect to validity of said statements can be established.

Counsel for the juvenile immediately objected that a finding that the child was of tender years was not adequate to support a determination that the child was unavailable as a witness, and that under the Constitution "there would have to be a finding that there was some type of concern that the child would, in some way, be affected by testifying." The court then clarified and amended its finding by stating:

> The Court did so find with respect to— certainly age relates to tender years, *but also the Court's observation of the child as he appears before the Court on this date, coupled with his age, render him*

---

4. In the argument section of Point III the guardian ad litem also argues that "[e]ven if the Court independently finds that the time content and circumstances of the alleged victim's statements made to the police officer were reliable, this single statement to a police officer is not alone sufficient, as a matter of law, to convict Appellant of statutory sodomy." Arguments raised only in the argument portion of the brief and not included in the point relied on are not preserved for appeal. *See* Rule 84.04; *State v. Wanner,* 751 S.W.2d 789 (Mo.App.1988). In any event, as noted above, the police officer's testimony was not the only admissible evidence and the evidence was sufficient to support the judgment.

*unavailable.* And the Court will so rule. The objection will be noted for the record.

(emphasis added).

Thus, the court specifically based its finding of unavailability of the six-year old victim on both his age and on the judge's own observation of the child across the courtroom. It can be inferred that this observation convinced the court that the child would be affected by testifying, but the court made no additional or specific finding that it was testifying in the presence of the juvenile that would affect the child or that so doing would cause the child significant emotional or psychological trauma. The court took no evidence on that issue and did not explain what about his observation of the child led him to conclude that the child should be considered legally unavailable.

■ The juvenile argues on appeal that this record was inadequate to support admission of the child's out-of-court statements and that the ruling violates Section 491.075.1(2) and denies D.D.H. his confrontation rights as guaranteed by the Sixth Amendment to the United States Constitution and made applicable to state proceedings by the Fourteenth Amendment.

We agree with the juvenile's argument that admission of the statements violated Section 491.075. A very similar issue was addressed by our state Supreme Court in *State v. Sanchez,* 752 S.W.2d 319, 321 (Mo. banc 1988), in regard to whether Section 491.680, RSMo 1986 permitted admission at trial, over defendant's objection, of a videotaped deposition of a child victim taken for use as substantive evidence. That statute, similarly to Section 491.075, permits the taking of such a videotape deposition of the child-victim out of the presence of the defendant if the court finds:

> that significant emotional or psychological trauma to the child which would result from testifying in the personal presence of the defendant exists, which makes the child unavailable as a witness at the time of the preliminary hearing or trial ...

§ 491.680(2).

In *Sanchez,* defense counsel argued to the court that the prosecutor's unsupported allegation that an expert had said that testifying might be traumatic was not enough, and that the deposition should not be admitted without a hearing as to whether the required emotional or psychological trauma would occur. The trial court held this was not necessary, stating:

> The Court: Well, I think children of this young age [4 and 6 years old], it would seem to me like you could probably assume that it would be emotionally traumatic to them, to do it in the usual fashion.

The court, thus, presumed emotional trauma based on age and permitted introduction of the deposition on that basis.

Mr. Sanchez argued that his confrontation rights were violated by this procedure. The Missouri Supreme Court agreed, stating that this procedure violated defendant's confrontation rights. *Id.* at 321. The Court found that " 'in the usual case (including those where prior cross-examination has occurred), the prosecution must either produce, or demonstrate the unavailability of the declarant whose statement it wishes to use against the defendant.' " *Id., quoting, Ohio v. Roberts,* 448 U.S. 56, 64–65, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597 (1980). The Court noted, in admitting these hearsay depositions, that there was a "rule of necessity," meaning that the state was required to either produce the declarant at trial, or indicate that the declarant was unavailable. *Sanchez* 752 S.W.2d at 321.

*Sanchez* acknowledged that Section 491.680, as then written, (unlike Section 491.075.1) did not explicitly state that the trial court had to hold a hearing. Neither did it state what evidence was necessary to determine that the child was unavailable due to emotional or psychological trauma. The Court nonetheless held that in order to introduce these depositions:

> without violating the confrontation clauses of the United States and Missouri Consti-

tutions, the state must produce evidence, at a hearing, sufficient to establish not merely that it would be less traumatic for the child to testify at an in-camera deposition, but that the emotional and psychological trauma which would result from testifying in open court or in the personal presence of the defendant in effect makes the child unavailable as a witness at the time of trial.

Id. at 322. The court concluded that, as there was no evidence presented that these victims were unavailable, the admission of their depositions violated the defendant's confrontation rights. *Id.* at 323. Further, since the evidence was "a crucial part of the state's case," the court reversed and remanded for a new trial. *Id.*

In the instant case, we are concerned with the interpretation of Section 491.075.1(2)(c). That Section explicitly requires that, before the court can admit the out-of-court statements of the victim, the court must conduct a hearing outside the presence of the jury. Based on the evidence at the hearing, the judge can admit the child's out-of-court statements only if the court finds that the child "is otherwise physically available as a witness but the court finds that the significant emotional or psychological trauma which would result from testifying in the personal presence of the defendant makes the child unavailable as a witness at the time of the criminal proceeding." § 491.075.1(2)(c). This standard for a finding of unavailability under Section 491.1(2)(c) is identical to the critical language in **Section 491.680.**

■■■ Applying the principles set out in *Sanchez,* in order to find the victim unavailable and so make his out-of-court statements admissible under Section 491.075.1(2)(c), a trial court is required to find that the child would suffer significant emotional or psychological trauma if required to testify in the presence of the defendant. Moreover, the record must present sufficient evidence to support such a finding. And, as the court stated in *Sanchez,* the State must prove more than just that it would be less traumatic if

the child were not required to testify in front of defendant. The State must show "that the emotional and psychological trauma which would result from testifying in open court or in the personal presence of the defendant in effect makes the child unavailable as a witness at the time of trial." *Sanchez,* 752 S.W.2d at 322.

■■■ Where, as here, the case is tried to the court, there is no absolute necessity to conduct a formal hearing on the child's unavailability. *Cf. State v. Clay,* 909 S.W.2d 711, 716 (Mo.App.1995) (where defendant waived his right to a jury trial and opted for a bench trial, Section 491.075 does not require the court to hold a separate hearing to establish reliability so long as it determines it during trial); *State v. Murray,* 838 S.W.2d 83, 86 (Mo.App.1992) (Section 491.075 did not require a separate hearing to determine the reliability of the statements where the "appellant waived a jury trial"). However, there must be some evidence before the judge on which to base the decision. And, as *Sanchez* further noted, such evidence cannot be provided merely by knowledge of the child's age and the sensitive nature of the subject involved. Rather, the decision "necessarily involves a case by case determination by the trial court, and not the indiscriminate approach reflected here." *Sanchez,* 752 S.W.2d at 323.

■■■ As our Supreme Court specifically noted in *State v. Naucke,* 829 S.W.2d 445, 450 (Mo. banc 1992), this does not mean that the juvenile officer must present expert testimony from a psychologist, psychiatrist or physician. Testimony by an experienced social worker or other person who is knowledgeable about such issues will suffice. *Id.*The court indicated in *Naucke* that some expert testimony of this nature must support the court's ruling, however, in order to meet the confrontation clause concerns under Section 491.680. *Id.* at 450–55. We believe the same standard of proof would necessarily apply under Section 491.075.1(2)(c), at least unless the distress of the victim is so evident that the court would be competent to determine

for itself that serious emotional or psychological trauma would result if the child were required to testify in the presence of the defendant.

Here, no witness testified at all, and the court did not describe anything about the victim, other than his age, to show a basis for the court's determination that severe emotional or psychological trauma would result. The court did not even state that such trauma would result. It simply found that the child was unavailable based upon his age and the judge's observation of him. It was evident from the context of the ruling that age was the primary, although not the sole, criterion.

A similar situation arose in *State v. Wideman*, 940 S.W.2d 18 (Mo.App.1997). The trial court found the child victim unavailable and then admitted out-of-court statements of the victim under the "unavailable witness" provisions of Section 491.075. This Court found that the state could not justify the admission under the "emotional trauma" provision of the statute just because the court found the victim unavailable to testify, stating "although the trial court did make a finding of witness unavailability, the record does not support the court's determination." *Id.* at 20. The court therefore reversed and remanded for a new trial.[5]

Similarly, here, we have no choice but to hold that in this circumstance the court erred in ruling that the child was unavailable and so erred in admitting the child's out-of-court statements under Section 491.075.1(2)(c). Because this was a court-tried case, we could affirm despite the improper admission of this hearsay evidence if the other, admissible evidence had been sufficient to support the judgment. *In re Estate of Hedrick*, 808 S.W.2d 30, 33 (Mo.App.1991). However, the only evidence before the court was the hearsay evidence of the victim's out-of-court statements. In this situation, as in *Wideman*, we hold that the trial court erred in admitting the child-victim's out-of-court statements without finding that he would suffer significant emotional or psychological trauma if forced to testify in the presence of the defendant.

Because this was a court-tried case, however, and because we have found that the out-of-court statements which the court admitted were sufficiently reliable to be admitted if the child victim was in fact unavailable under Section 491.075.1(2)(c), we do not believe that a complete new trial is necessarily required. Rather, we remand so that the court can hold a new hearing on the issue whether T.J. would have suffered significant psychological or emotional trauma if he had been required to testify in the presence of the defendant. If the court so finds, then its judgment on Count VI will not be disturbed, for it was otherwise supported by substantial evidence. If the court does not determine that the child would have suffered significant emotional or psychological trauma by testifying in the presence of the defendant, however, then the out-of-court statements of the victim should not have been admitted under Section 491.075.1(2)(c) and a new trial must be held. Of course, prior to the new trial, the court can address the issue of whether the child would now suffer significant psychological or emotional trauma if required to testify in front of defendant and can also consider whether other hearsay exceptions may apply to permit admission of some or all of T.J.'s out-of-court statements.

Reversed and remanded for further proceedings in accordance with this opinion.

SPINDEN, P.J., and EDWIN H. SMITH, J., concur.

---

5. In so doing, it noted, "[b]ecause our reversal of appellant's conviction is based on the trial court's erroneous admission of hearsay, the reversal is one for trial error, rather than for insufficiency of evidence. As such, " ' ... it implies nothing with respect to the guilt or innocence of the defendant' " and retrial is not precluded. *Wideman*, 940 S.W.2d at 21.