In the Interest of E.L.C., III, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 65818.

Missouri Court of Appeals, Western District.

Oct. 10, 2006.

Robert Ellis Stephens, Kansas City, MO, for appellant.

James Emory Herbertson, Kansas City, MO, for respondent.

Before JAMES M. SMART, JR., P.J., EDWIN H. SMITH, and LISA WHITE HARDWICK, JJ.

PER CURIAM.

E.L.C., III, a juvenile, appeals the judgment sustaining allegations that he committed statutory sodomy upon a person under fourteen years of age in violation of section 566.062 RSMo,[1] statutory sodomy in the first degree. The judgment is affirmed.

### Factual and Procedural Background

Appellant E.L.C. was charged by a Petition filed November 18, 2004, with two counts: 1, Statutory Sodomy in the First Degree, and 2, Attempted Statutory Sodomy. On December 12, 2004, Count 3, Behavior Injurious to Welfare was added. Count 1 was alleged to have occurred on April 17, 2004.

On June 3, 2005, Counts 2 and 3 were dismissed without prejudice, and a bench trial was conducted on Count 1 before Commissioner Geoffrey Allen (hereafter

---

1. All statutory references are to the Revised Statutes of Missouri 2000, unless otherwise noted.

"the Court").[2] Pursuant to section 491.075, the juvenile officer sought to introduce out-of-court statements of the alleged child victim. The juvenile officer presented evidence that in-court testimony would be traumatic for the child victim, and attempted to introduce the out-of-court statements he made to others in lieu of the child's personal testimony. Appellant's attorney objected on the basis that the victim was not present in the courtroom. The court allowed the evidence and ruled that the child victim was unavailable due to the potential for trauma.

At this point, the attorney for the juvenile requested a continuation of the case and a videotaped deposition of the alleged child victim pursuant to section 491.680. The attorney for the juvenile officer argued that the defense attorney had already had opportunity to depose the alleged child victim, but instead chose to informally interview him. The court denied the request based upon its determination that section 491.680 did not apply to juvenile cases.

Both sides then presented evidence regarding the alleged incident involving E.L.C. and the alleged child victim, J.T. Once evidence was presented by both sides and arguments by both sides were made, but before the court made its ruling on the facts of the case, the court gave the defense an opportunity to depose the alleged child victim. This deposition was taken in the presence of the court, but was not videotaped. The defense objected, claiming that section 491.680 required the deposition to be taken before the trial. The objection was overruled.

After the deposition was taken, the court gave the attorney for E.L.C. the opportunity to offer the deposition into evidence and to recall any witnesses that he had previously examined or cross-examined in the trial. The attorney declined to do so.

The court then made his ruling and determined that, based on the evidence, the juvenile had committed the charged offense.

## Standard of Review

■ There is no dispute as to the basic procedural facts. Our review, then, is limited to the legal issues. Issues involving the interpretation of statutory language are questions of law and are reviewed *de novo*. *State v. Jones*, 172 S.W.3d 448, 450 (Mo.App.2005).

## Analysis

Appellant assigns two points of error to the court's rulings. His first point of error claims that the court did not follow the mandate of section 491.075 in ruling that the alleged child victim was unavailable. His second point of error claims that the commissioner did not follow the dictates of section 491.680, which provides for a videotaped deposition of the alleged child victim to be taken before the trial commences and then allows the defense two more opportunities to depose the child.

■ The appellant's first point argues that section 491.075 requires that the alleged child victim be present in court when the court rules on whether the child would be traumatized by being forced to testify in court. Section 491.075 reads:

1. A statement made by a child under the age of fourteen relating to an offense under chapter 565, 566 or 568, RSMo, performed with or on a child by another, not otherwise admissible by statute or

2. The Commissioner's findings and conclusions were adopted and approved by the Circuit Court.

court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:

(1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2) (a) The child testifies at the proceedings; or

(b) The child is unavailable as a witness; or

(c) The child is otherwise physically available as a witness but the court finds that the significant emotional or psychological trauma which would result from testifying in the personal presence of the defendant makes the child unavailable as a witness at the time of the criminal proceeding.

The appellant interprets the phrase "physically available as a witness" in section 491.075.1(2)(c) to mean that the child must be physically present in court when the court makes the determination that the child will be traumatized by being forced to testify, presumably so that the court would have the opportunity to observe and question the child if it desires to do so. We cannot agree with this interpretation of the statute.

■■■ The primary rule of statutory interpretation is to ascertain the intent of the legislature from the language used, and to give effect to that intent. *State v. Carroll*, 165 S.W.3d 597, 602 (Mo.App. 2005). The statute provides for three scenarios in which out-of-court statements may be permitted to be introduced. The first instance is when the child is present at the hearing and testifies.

The next instance is when the child is unavailable. "[T]echnical words and phrases having a peculiar and appropriate

meaning in law shall be understood according to their technical import." § 1.090. Therefore, the term "unavailable" may be interpreted to mean unavailable in the evidentiary sense (such as the child is deceased, the child has a mental illness, not subject to the court's power to compel attendance, etc.). *See, e.g.,* FED.R.EVID. 804(a).

The term "unavailable" in (2)(b) has been understood to have the technical evidentiary meaning. *See State v. Walker,* 903 S.W.2d 636, 639–40 (Mo.App.1995). The phrase "physically available" in (2)(c) could have a correspondingly opposite evidentiary meaning, with emphasis on the physical availability, meaning the child is not deceased, not hospitalized, or out of the jurisdictional power of the court to compel an appearance. Regardless of the precise meaning of "physically available," however, it would be a straining of the language to conclude that the legislature intended the word "available" to mean "present" in the courtroom, as the appellant argues. The word "present" is not synonymous with "available," whether we are talking about technical terms or ordinary language terms. If the statutory point is to allow protection of the child in these instances from the pressure or trauma of the proceedings, which it is, it makes no sense to believe the legislature would have undermined its own purpose by requiring the child to be present in order for the judge to be able to make a determination as to whether the child should be treated as unavailable.

This court addressed this issue in *State v. Sanders,* 126 S.W.3d 5 (Mo.App.2003), when it declined to rule that it was necessary for the trial court to personally observe the alleged child victim in making its determination that the child should be declared unavailable due to the potential for trauma. *Id.* at 17–18. Instead it was

enough for the court to have heard the testimony of social workers and other professionals who had observed and worked with the child in therapy. *Id.* at 17.

Appellant relies on the case of *Kierst v. D.D.H.*, 965 S.W.2d 932 (Mo.App.1998), to support his point. However, in that case the court stated that it was "uncontested that [the alleged child victim] was available, *and present* in the courtroom[.]" *Id.* at 939 (emphasis added). This case is not authority for the proposition that "available" means "present." If that court understood the word "available" to mean "present in the courtroom," it would have been redundant for them to state that the child was both "available" and "present."

The claim is merely that the child was not present in the courtroom when the court made its finding concerning trauma. Appellant does not argue concerning the technical availability of the child. If the child had been unavailable in the evidentiary sense, his out-of-court statements would have been admissible under section 491.075.1(2)(b) in any event. We cannot find error in the court's application of section 491.075. Appellant's first point is denied.

■ Appellant's second point argues that, if the court finds the alleged child victim is unavailable due to the potential for trauma, section 491.680 requires a videotaped deposition of the child prior to trial, and then gives an opportunity for two more depositions, once prior to any preliminary hearing and one additional time prior to trial.

The statutory language of section 491.680 reads, in relevant part:

1. In any criminal prosecution under the provisions of chapter 565, 566 or 568, RSMo, involving an alleged child victim, upon the motion of the prosecuting attorney, the court may order that an in-camera videotaped deposition of the testimony of the alleged child victim be made for use as substantive evidence at preliminary hearings and at trial.

2. If the court finds, at a hearing, that significant emotional or psychological trauma to the child which would result from testifying in the personal presence of the defendant exists, which makes the child unavailable as a witness at the time of the preliminary hearing or trial, the court shall order that an in-camera videotaped deposition of the testimony of the alleged child victim be made for use as substantive evidence at the preliminary hearings and at trial. Such recording shall be retained by the prosecuting attorney and shall be admissible in lieu of the child's personal appearance and testimony at preliminary hearings and at trial. . . .

. . . .

5. The attorney for the defendant shall have at least two opportunities to cross-examine the deposed alleged child victim: once prior to the preliminary hearing and at least one additional time prior to the trial.

The court in this case initially believed that section 491.680 did not apply to juvenile trials. The court then gave the matter more consideration and decided to comply with the purposes of section 491.680. We have been unable to find authority dictating that in juvenile trials section 491.680 must be followed. While we see no reason that section 491.680 should not have general applicability to juvenile prosecutions to the extent practicable so as to create certain rights for the juvenile defendant, we need not specifically decide that issue in this case. Here we find that the purposes of section 491.680 were followed. The statute was applied in such a way that appellant cannot show that

his defense suffered any prejudice by the failure to strictly follow section 491.680.

Section 491.680.2 states that the videotaped deposition "shall be retained by the prosecuting attorney and shall be admissible in lieu of the child's personal appearance and testimony at preliminary hearings and at trial." This would indicate that the video deposition is to be retained for the use and viewing of the fact finder at trial. Appellant contends the statute was violated in this instance because the deposition was not videotaped. Here, however, after the commencement of the trial, the defense was given the opportunity to depose the child J.T. in the presence of the court, who was the fact finder. The fact finder thus personally observed the testimony. The court also gave the attorney for the juvenile the opportunity to enter the deposition into evidence. The attorney declined this opportunity.

Section 491.680.5 provides that the defendant should have two opportunities to cross-examine the child, once prior to the "preliminary hearing" and once prior to trial. In juvenile cases there is generally no preliminary hearing separate from the trial. Thus, it is generally impossible to exactly follow the statutory procedure. Here, the defense was given an opportunity to depose the child before trial, but the defense declined that opportunity in favor of an informal interview. Then, after the trial had commenced, the defense was given the opportunity to depose the child again in the presence of the court. Although some witnesses had already testified, the court also gave the juvenile's attorney the opportunity to recall any witnesses who had previously testified and to reexamine them in light of what the child had said at the deposition. The attorney declined this opportunity.

By permitting the attorney for the juvenile the opportunity to depose the child both independently and in the presence of the court, and to recall any witnesses for further cross-examination, and by giving the attorney the opportunity to place the deposition in evidence, the court complied with the purposes of section 491.680.2. For all these reasons, we fail to discern any error warranting any relief. Therefore, appellant's second point is also denied.

## Conclusion

For all of the foregoing reasons, the judgment of the trial court is affirmed.